COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-077-CR
 
 
ROBERT 
GEORGE CONNOLLY                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        At 
approximately 1:35 a.m. on February 28, 2002, a citizen telephoned the Grapevine 
Police Department and reported that he was following what he thought to be an 
intoxicated driver.  The caller identified himself to the dispatcher; 
described the suspect vehicle by make, color, license plate number, and 
direction of travel; and provided continuous updates on the vehicle’s 
location.  Grapevine Police Officer Mark Shimmick located the suspected 
vehicle, and observed that it was traveling fifteen miles below the speed limit 
and weaving back and forth within the lane.  Officer Shimmick also observed 
the vehicle braking erratically, repeatedly speeding up a few miles an hour and 
then slowing back down. Officer Shimmick initiated a traffic stop and Appellant 
Robert George Connolly was arrested for driving while intoxicated (DWI).  
On November 6, 2003, the trial court held a hearing on Appellant’s motion to 
suppress evidence obtained during the traffic stop alleging that Officer 
Shimmick did not have reasonable suspicion to stop Appellant.  The motion 
was denied. On the same day, Appellant pled nolo contendere; the trial court 
found Appellant guilty of DWI and assessed punishment at 120 days’ 
confinement, probated for twenty-four months, and a $600 fine.  In 
Appellant’s sole issue, he argues that the trial court erred in denying his 
motion to suppress.
        We 
review the denial of a motion to suppress for abuse of discretion, giving almost 
total deference to a trial court's determination of historical facts and 
reviewing de novo the court's application of the law.  Carmouche v. 
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 993 
S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the 
trial judge is the sole trier of fact and judge of the credibility of the 
witnesses and the weight to be given their testimony.  State v. Ross, 
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 
539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any 
portion of a witness' testimony, even if the testimony is not controverted. Ross, 
32 S.W.3d at 855.
        A 
police officer can stop and briefly detain a person for investigative purposes 
if the officer has a reasonable suspicion supported by articulable facts that 
criminal activity “may be afoot,” even if the officer lacks probable cause.  
Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968); Brother 
v. State, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  
While reasonable suspicion is a less demanding standard than probable cause, the 
Fourth Amendment requires at least a minimal level of objective justification 
for making the stop.  United States v. Sokolow, 490 U.S. 1, 7, 109 
S. Ct. 1581, 1585 (1989); see U.S. 
Const. amend. IV.  The justification for making the stop must amount 
to more than a mere hunch or suspicion.  Davis v. State, 947 S.W.2d 
240, 244 (Tex. Crim. App. 1997).
        Reasonable 
suspicion exists if the officer has specific articulable facts that, when 
combined with rational inferences from those facts, would lead him to reasonably 
suspect that a particular person has engaged in, or is or soon will be engaging 
in, illegal conduct.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. 
Crim. App. 2001).  The reasonableness of a given detention will turn on the 
totality of the circumstances in that particular case.  Woods v. State, 
956 S.W.2d 33, 38 (Tex. Crim. App. 1997); State v. Sailo, 910 S.W.2d 184, 
188 (Tex. App.—Fort Worth 1995, pet. ref'd).
        Appellant 
argues that the initial stop was not justified because the evidence failed to 
show that Officer Shimmick had a reasonable suspicion to stop Appellant.  
First, Appellant asserts that Officer Shimmick did not state that he had a 
suspicion of DWI.  The record, however, reflects the following testimony by 
Officer Shimmick:
 
Q. 
At the point you decided to stop the defendant’s vehicle, for what reason did 
you want to stop him for?
  
A. 
He was under the investigation to see whether or not he was intoxicated.
 
 
Second, 
Appellant asserts that Officer Shimmick did not testify regarding his experience 
and general knowledge that he may have relied on in reaching his conclusions.  
Again, the record reflects otherwise:
 
Q. 
Based on your experience and training as a DWI and accident investigator and 
officer, what was unsafe in your mind about the defendant’s driving?
  
A. 
The reduced speed, obviously, you know, with other vehicles coming up behind him 
and stuff.  You know, the erratic braking, you know, going back and forth.  
He’s having difficulty with definitely the weaving.
 
Finally, 
Appellant points to the fact that Officer Shimmick did not testify that there 
was some other improper driving conduct.  The court’s review, however, is 
not limited to the violations an officer lists in making the stop.  See 
James v. State, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. 
ref’d).  Rather, the test is whether the articulated facts about which 
the officer testified would, in light of the officer’s experience and personal 
knowledge, together with inferences from those facts, warrant a reasonable 
person to believe that a violation had occurred.  Pipkin v. State, 
114 S.W.3d 649, 653-54 (Tex. App.—Fort Worth 2003, no pet.).
        Here, 
Officer Shimmick stated several reasons for concluding that Appellant’s 
driving was unsafe.  An officer may be justified in stopping a driver based 
upon a reasonable suspicion of driving while intoxicated.  James, 
102 S.W.3d at 172; McQuarters v. State, 58 S.W.3d 250, 255 (Tex. 
App.—Fort Worth 2001, pet. ref’d) (stop justified based on reasonable 
suspicion that defendant, who crossed the left lane stripe twice, was 
intoxicated); Gajewski v. State, 944 S.W.2d 450, 453 (Tex. App.—Houston 
[14th Dist.] 1997, no pet.).  Erratic or unsafe driving may furnish a 
reasonable suspicion that the driver is intoxicated even absent evidence 
regarding the violation of a specific traffic law.  Cook v. State, 
63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); McQuarters, 
58 S.W.3d at 255; Fox v. State, 900 S.W.2d 345, 347 (Tex. App.—Fort 
Worth 1995, pet. dism’d) (driver's conduct sufficient to justify stop based 
upon reasonable suspicion that something out of the ordinary was occurring even 
though no single act was illegal).
        In 
addition to Officer Shimmick’s own observations, he relied on a report from a 
citizen that suspected Appellant might be intoxicated.  A person who is not 
connected with the police or who is not a paid informant is considered 
inherently trustworthy when the person advised the police that he or she 
suspects criminal activity has occurred or is occurring.  State v. 
Stolte, 991 S.W.2d 336, 340 (Tex. App.—Fort Worth 1999, no pet.); Sailo, 
910 S.W.2d at 187.
        Applying 
great deference to the trial court’s determination of historical facts and 
judgment of Officer Shimmick’s credibility, we hold under the totality of the 
circumstances, that Officer Shimmick had reasonable suspicion to believe that 
Appellant was intoxicated.  We overrule Appellant’s sole issue and affirm 
the judgment of the trial court.
  
   
                                                          PER 
CURIAM
  
 
PANEL 
F:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 5, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.