COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-215-CR

 

 

JULIE ANN BARRINGTON                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                       FROM COUNTY COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Julie Ann Barrington appeals from her
DWI conviction upon a plea of nolo contendere. 
In three issues, she challenges the trial court=s denial
of her motion to suppress.  Because the
trial court properly denied her motion to suppress, we affirm the trial court=s
judgment.








On December 3, 2005, at approximately 11:56 p.m.,
Sergeant Keith Jefferson of the Hood County Sheriff=s Office
responded to a call reporting a reckless and possibly intoxicated driver in the
Oak Trail Shores subdivision.  The caller
described the vehicle and gave a license plate number.

A vehicle matching the description and license
plate number given by the caller was spotted by Sergeant Jefferson
approximately fifteen minutes later as the vehicle left the driveway of a
bar.  The driver of the vehicle took Oak
Trail Drive in the direction of the Oak Trail Shores subdivision.  Oak Trail Drive, a public road, does not have
a marked center line.

Sergeant Jefferson turned on the patrol car=s camera
and saw the vehicle drive onto the left-hand side of the road, at which point
he turned on his emergency lights and initiated a traffic stop.  Appellant was driving the vehicle.  After determining that Appellant was
intoxicated, Sergeant Jefferson arrested her for DWI.

Appellant was charged by information with
DWI.  She filed a motion to suppress all
evidence acquired as a result of or subsequent to the traffic stop, which the
trial court denied after a hearing. 
Appellant entered a plea of nolo contendere, and the trial court
convicted her and sentenced her to six months=
confinement, probated for twelve months, and a fine of $950.00.








Appellant contends that the trial court=s
finding that she was traveling on the left side of the road is an erroneous
description of the movement of her car and not supported by the record, that
the trial court=s conclusion that she violated
section 545.051 is an erroneous application of law, and that the trial court
erred by concluding that the tip in addition to her Amomentary
swerve onto the left side of the roadway provided an adequate basis to initiate
a traffic stop.@








As the State points out, an officer may have
reasonable suspicion to detain a person when his information is based on an
emergency call from a concerned citizen.[2]  Justification for reliance on such a tip
depends largely on  whether the caller is
readily identifiable.[3]  If the tipster identifies himself or herself
to authorities, courts consider the tip trustworthy because the citizen puts
himself or herself in a position to be held accountable for the intervention.[4]     The
State speculates that the tip Awas
likely not anonymous@ because the arresting officer
stated that he was certain the dispatch record contained the name.  The record, however, does not reflect that the
tipster provided a name.  When an
anonymous tip is sufficiently corroborated, the tip plus the corroboration may
provide the police sufficient reasonable suspicion to justify the stop.[5]  In the case now before this court, there was
testimony that someone contacted the police providing a description of a
vehicle, its license plate number, and its location on a residential street and
stating that the driver was possibly intoxicated because of the erratic driving
the tipster observed.  Sergeant Jefferson
located a vehicle matching the tipster=s
description and license number, but when he first saw it, it was not being
operated on a residential street, or, indeed, upon any street.  Instead, it was leaving the parking lot of a
bar.  Although it may seem unlikely that
the driver would have been driving on a residential street and then, already
intoxicated, pull into the parking lot of a bar, stay ten minutes or less, and
then come back into the parking lot, get back into the vehicle, and drive back
to the residential street where the person had already been driving
erratically, the trial court, not this court, is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[6]








The officer testified that he followed the car in
question and saw the driver drive on the left side of a road with no center
stripe.[7]  Section 545.051 of the transportation code
provides in relevant part,

(a) An operator on a
roadway of sufficient width shall drive on the right half of the roadway,
unless:

 

(1) the operator is passing another vehicle;

 

(2) an obstruction necessitates moving the vehicle left of the center
of the roadway and the operator yields the right‑of‑way to a
vehicle that:

 

(A) is moving in the proper direction on the unobstructed portion of
the roadway; and

 

(B) is an immediate
hazard;

 

(3) the operator is on a roadway divided into three marked lanes for
traffic; or

 

(4) the operator is on a roadway
restricted to one‑way traffic.[8]








Appellant argues that the legislature intended driving on the right to
be a Ageneral
rule@ and
that she traveled so briefly on the left side of the road that it should not
constitute a traffic violation.  The
State argues that the law requiring driving on the right side of the roadway is
clear and not merely a suggestion.  We do
not need to resolve whether Appellant did in fact commit a traffic violation,
however, because proof that a statute was violated is not required to determine
reasonable suspicion as long as the officer reasonably believes that a
statutory violation has occurred in his presence[9]
and because of the existence of the tip.[10]

The trial court apparently found that the tip was
sufficiently corroborated by the officer=s
verification of the description of the car and its license plate, the car=s
location in the general locale described by the tipster, and the manner in
which the car was driven to constitute reasonable suspicion justifying the
initial detention of Appellant.[11]  Appellant does not argue that the officer
lacked probable cause to arrest her based on his observations after the
original detention.  Based on the
applicable standard of review,[12]
we cannot say that the trial court erred by denying Appellant=s motion
to suppress.  We therefore overrule
Appellant=s three issues and affirm the
trial court=s judgment.

 








 

 

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  February 15, 2007











[1]See Tex. R. App. P. 47.4.





[2]State v. Stolte,
991 S.W.2d 336, 341 (Tex. App.CFort Worth 1999, no pet.).





[3]State v. Sailo,
910 S.W.2d 184, 188 (Tex. App.CFort Worth 1999, pet. ref=d).





[4]Stolte, 991
S.W.2d at 341.





[5]See Florida v. J.L., 529 U.S. 266, 273‑74, 120 S. Ct. 1375, 1380 (2000) (holding
that an anonymous tip must be corroborated to provide reasonable suspicion
justifying an investigatory stop).





[6]State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999).





[7]See Tex. Transp. Code Ann. ' 545.051 (Vernon
1999).





[8]Id. ' 545.051(a).





[9]Drago v. State,
553 S.W.2d 375, 377 (Tex. Crim. App. 1977).





[10]See J.L.,
529 U.S. at 273‑74, 120 S. Ct. at 1380.





[11]See Stolte,
991 S.W.2d at 341.





[12]See Ross, 32
S.W.3d at 855; Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Ballard, 987 S.W.2d at 891; Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990).