COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-215-CR

JULIE ANN BARRINGTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Julie Ann Barrington appeals from her DWI conviction upon a plea of nolo contendere.  In three issues, she challenges the trial court’s denial of her motion to suppress.  Because the trial court properly denied her motion to suppress, we affirm the trial court’s judgment.

On December 3, 2005, at approximately 11:56 p.m., Sergeant Keith Jefferson of the Hood County Sheriff’s Office responded to a call reporting a reckless and possibly intoxicated driver in the Oak Trail Shores subdivision.  The caller described the vehicle and gave a license plate number.

A vehicle matching the description and license plate number given by the caller was spotted by Sergeant Jefferson approximately fifteen minutes later as the vehicle left the driveway of a bar.  The driver of the vehicle took Oak Trail Drive in the direction of the Oak Trail Shores subdivision.  Oak Trail Drive, a public road, does not have a marked center line.

Sergeant Jefferson turned on the patrol car’s camera and saw the vehicle drive onto the left-hand side of the road, at which point he turned on his emergency lights and initiated a traffic stop.  Appellant was driving the vehicle.  After determining that Appellant was intoxicated, Sergeant Jefferson arrested her for DWI.

Appellant was charged by information with DWI.  She filed a motion to suppress all evidence acquired as a result of or subsequent to the traffic stop, which the trial court denied after a hearing.  Appellant entered a plea of nolo contendere, and the trial court convicted her and sentenced her to six months’ confinement, probated for twelve months, and a fine of $950.00.

Appellant contends that the trial court’s finding that she was traveling on the left side of the road is an erroneous description of the movement of her car and not supported by the record, that the trial court’s conclusion that she violated section 545.051 is an erroneous application of law, and that the trial court erred by concluding that the tip in addition to her “momentary swerve onto the left side of the roadway provided an adequate basis to initiate a traffic stop.”

As the State points out, an officer may have reasonable suspicion to detain a person when his information is based on an emergency call from a concerned citizen.
(footnote: 2)  Justification for reliance on such a tip depends largely on  whether the caller is readily identifiable.
(footnote: 3)  If the tipster identifies himself or herself to authorities, courts consider the tip trustworthy because the citizen puts himself or herself in a position to be held accountable for the intervention.
(footnote: 4)   The State speculates that the tip “was likely not anonymous” because the arresting officer stated that he was certain the dispatch record contained the name.  The record, however, does not reflect that the tipster provided a name.  When an anonymous tip is sufficiently corroborated, the tip plus the corroboration may provide the police sufficient reasonable suspicion to justify the stop.
(footnote: 5)  In the case now before this court, there was testimony that someone contacted the police providing a description of a vehicle, its license plate number, and its location on a residential street and stating that the driver was possibly intoxicated because of the erratic driving the tipster observed.  Sergeant Jefferson located a vehicle matching the tipster’s description and license number, but when he first saw it, it was not being operated on a residential street, or, indeed, upon any street.  Instead, it was leaving the parking lot of a bar.  Although it may seem unlikely that the driver would have been driving on a residential street and then, already intoxicated, pull into the parking lot of a bar, stay ten minutes or less, and then come back into the parking lot, get back into the vehicle, and drive back to the residential street where the person had already been driving erratically, the trial court, not this court, is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.
(footnote: 6)
 The officer testified that he followed the car in question and saw the driver drive on the left side of a road with no center stripe.
(footnote: 7)  Section 545.051 of the transportation code provides in relevant part,

(a) An operator on a roadway of sufficient width shall drive on the right half of the roadway, unless:

(1) the operator is passing another vehicle;

(2) an obstruction necessitates moving the vehicle left of the center of the roadway and the operator yields the right-of-way to a vehicle that:

(A) is moving in the proper direction on the unobstructed portion of the roadway; and

(B) is an immediate hazard;

(3) the operator is on a roadway divided into three marked lanes for traffic; or

(4) the operator is on a roadway restricted to one-way traffic.
(footnote: 8)
Appellant argues that the legislature intended driving on the right to be a “general rule” and that she traveled so briefly on the left side of the road that it should not constitute a traffic violation.  The State argues that the law requiring driving on the right side of the roadway is clear and not merely a suggestion.  We do not need to resolve whether Appellant did in fact commit a traffic violation, however, because proof that a statute was violated is not required to determine reasonable suspicion as long as the officer reasonably believes that a statutory violation has occurred in his presence
(footnote: 9) and because of the existence of the tip.
(footnote: 10)
 The trial court apparently found that the tip was sufficiently corroborated by the officer’s verification of the description of the car and its license plate, the car’s location in the general locale described by the tipster, and the manner in which the car was driven to constitute reasonable suspicion justifying the initial detention of Appellant.
(footnote: 11)  Appellant does not argue that the officer lacked probable cause to arrest her based on his observations after the original detention.  Based on the applicable standard of review,
(footnote: 12) we cannot say that the trial court erred by denying Appellant’s motion to suppress.  We therefore overrule Appellant’s three issues and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
State v. Stolte
, 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).

3:
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1999, pet. ref’d).

4:
Stolte
, 991 S.W.2d at 341.

5:
See Florida v. J.L.
, 529 U.S. 266, 273-74, 120 S. Ct. 1375, 1380 (2000) (holding that an anonymous tip must be corroborated to provide reasonable suspicion justifying an investigatory stop).

6:
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

7:
See
 
Tex. Transp. Code Ann
.
 § 545.051 (
Vernon 1999
).

8:
Id.
 
§ 545.051
(a).

9:
Drago v. State
, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977).

10:
See J.L.
, 529 U.S. at 273-74, 120 S. Ct. at 1380.

11:
See Stolte
, 991 S.W.2d at 341.

12:
See Ross
, 32 S.W.3d at 855;
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Ballard
, 987 S.W.2d at 891; 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).