COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-132-CR

 

 

ROBERT LEE LIEBLONG                                                        APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE        

 

                                              ------------

 

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








Appellant Robert Lee Lieblong pled guilty to
possession of marijuana under two ounces and was sentenced to 180 days in
jail.  Imposition of sentence was
suspended, and Lieblong was placed on community supervision for twelve
months.  In one point, Lieblong appeals
the trial court=s denial of his motion to
suppress.  We affirm.

II. 
Background Facts

The following facts are based on the trial court=s
findings of fact.  At approximately 1:10
a.m. on January 21, 2005, Officer Jay Powell was on patrol in the area of
several apartment complexes that had recently experienced a number of overnight
car burglaries.  Officer Powell observed
an individual dressed in all black standing in the shadows near a creek area,
looking in Officer Powell=s direction, and talking on a
cellular telephone.  Officer Powell
dimmed his headlights and advanced to the area where the individual in black
was standing.  While Officer Powell was
in route, another individual alerted Officer Nottingham, Officer Powell=s
partner, that an individual dressed in all black ran through the complex when
the police arrived.  The direction of
flight indicated that the individual running through the complex was the
individual in all black observed by Officer Powell.








Officer Powell reached the location toward which
the individual in black had been running and saw a small, black car.  The car=s engine
was running, but its headlights were off. 
Officer Powell observed two occupants in the car, one of whom, the
passenger, was dressed in all black. 
Remembering that a small, black car occupied by two males was suspected
in a recent burglary of a motor vehicle, Officers Powell and Nottingham
followed and stopped the vehicle.

Officer Nottingham contacted the driver,
Lieblong, who opened the driver=s side
door.  Officer Nottingham witnessed a
methamphetamine pipe on the passenger floorboard.  After Lieblong verbally consented to a search
of the vehicle, Officer Powell found a cigarette pack containing marijuana in
the vehicle.  Lieblong was charged with
possession of marijuana under two ounces.

Lieblong filed a motion to suppress the marijuana
as the product of an illegal search. 
Both parties stipulated that the search and seizure were
warrantless.  After concluding that the
officers had reasonable suspicion to stop Lieblong=s car
and that not only was the search of the car based on probable cause, but
Lieblong=s
consent to search the car was knowingly and voluntarily given and never
retracted, the trial court denied the motion to suppress.

III. 
Motion to Suppress

In a single point, Lieblong argues that the trial
court improperly denied his motion to suppress because the officers= initial
stop of Lieblong=s car violated the Fourth
Amendment. 








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101, 108B09 (Tex.
Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort
Worth 2004, pet. ref=d).  But when the trial court=s
rulings do not turn on the credibility and demeanor of the witnesses, we review
de novo a trial court=s rulings on mixed questions of
law and fact.  Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  State v. Kelly, 204 S.W.3d 808, 818
(Tex. Crim. App. 2006).  When the trial
court makes explicit fact findings, we determine whether the evidence, when
viewed in the light most favorable to the trial court=s
ruling, supports those fact findings.  Id.
at 818B19.  We then review the trial court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.  Id. at 819.

Here, the trial court made explicit fact
findings.  Because the evidence, when
viewed in the light most favorable to the trial court=s
ruling, supports those fact findings, we review the trial court=s legal
ruling de novo.

IV. The Initial Stop








Law enforcement officers may stop and briefly
detain persons suspected of criminal activity on less information than is constitutionally
required for probable cause to arrest.  Terry
v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968).  The same standards apply whether the person
detained is a pedestrian or is the occupant of an automobile.  See Carmouche, 10 S.W.3d at 328 (citing
Adams v. Williams, 407 U.S. 143, 145B46, 92
S.Ct. 1921, 1922B23 (1972)) (holding that the Awarrantless
stop of the Camry was constitutionally justified based upon the informant's tip@); Rhodes
v. State, 913 S.W.2d 242, 246 (Tex. 
App.CFort Worth 1995) (recognizing
that A[a]n occupant
of an automobile is just as subject to an investigative detention as is a
pedestrian@), aff'd, 945 S.W.2d 115
(Tex. Crim. App. 1997), cert. denied, 522 U.S. 894 (1997).  To initiate an investigative stop, the investigating
officer must possess a reasonable suspicion based on specific articulable facts
that, in light of the officer's experience and general knowledge, would lead
the officer to the reasonable conclusion that criminal activity is underway and
the detained person is connected to the activity.  See, e.g., King v. State, 35
S.W.3d 740, 743 (Tex. App.CHouston
[1st Dist.] 2000, no pet.).  These facts
must amount to more than a mere hunch or suspicion.  Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997).

Reasonable suspicion, like probable cause, is
dependent upon both the content of the information possessed by the police and
its degree of reliability.  Alabama v.
White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990).  So in examining the totality of the
circumstances, the quantity and the quality of the information available to the
police are considered.  Id.; State
v. Sailo, 910 S.W.2d 184, 188 (Tex. App.CFort
Worth 1995, pet. ref=d). 








The information obtained by police falls into
four general categories:  information
gleaned from first‑hand observation by the officer; information obtained
from a confidential informant; information provided by a concerned citizen
reporting a possible crime in progress or of recent origin; or information
provided by an anonymous tipster.  See
Sailo, 910 S.W.2d at 188 (citing White, 496 U.S. at 330, 110 S. Ct.
at 2416); State v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort
Worth 1999, no pet.).  Information
observed first‑hand by a police officer is highly reliable and,
consequently, the investigative stop Fourth Amendment analysis in cases
involving first‑hand police observation focuses not on reliability, but
on whether the information gives rise to a reasonable articulable
suspicion.  See, e.g., Terry,
392 U.S. at 22, 88 S. Ct. at 1880 (holding that personally observed criminal
activity creates articulable facts that give rise to reasonable suspicion).

Our focus, therefore, is whether the information
known to Officers Powell and Nottingham rose to the level of reasonable
suspicion such that their initial stop of Lieblong was justified.  Officers Powell and Nottingham were on patrol
in an area of apartment complexes that had recently experienced a number of
overnight car burglaries.  Officer Powell
observed an individual in all black standing in the shadows across a creek area
in Paces Point Apartments.  While Officer
Powell was in route to that area, another individual alerted Officer Nottingham
that, following the arrival of the marked police unit, an individual dressed in
all black had run through the complex. 
The direction of flight suggested that the individual who ran through
the complex was the same individual observed by Officer Powell.








Officer Powell, after reaching the area where he
had seen the man in black, observed a small, black car occupied by two males,
one of whom was dressed in all black.  A
small, black car occupied by two males was a suspected vehicle in a burglary of
a motor vehicle that occurred in a nearby apartment complex.  The small, black car exited the apartment
complex, and, after briefly following it, Officers Powell and Nottingham made
the stop.

We hold that based on the totality of the
circumstances, Officers Powell and Nottingham possessed articulable facts to
reasonably suspect criminal activity, thereby justifying the initial Terry stop
of Lieblong=s car.  Officer Powell observed a man in all black
standing in the shadows looking in Officer Powell=s
direction and talking on a cellular telephone. 
That observation corroborated the description given to Officer
Nottingham of a suspicious person seen running. Officers Powell and Nottingham
then observed an occupant in a car that matched the description of the person
Officer Powell had seen and the person seen running.  Finally, the car matched the description of a
car suspected in a crime in a nearby apartment complex.  Consequently, we hold that the trial court
did not err by denying Lieblong=s motion
to suppress.  Lieblong=s sole
point is overruled.

 

 

 

 








V. 
Conclusion     

Having overruled Lieblong=s sole
point, we affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and
HOLMAN, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 29, 2007

 

 

 

 











[1]See Tex. R. App. P. 47.4.