COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-315-CR

RACHAEL ANDERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rachael Anders appeals the trial court’s order denying her motion to suppress evidence.  In her sole issue, Appellant complains that the trial court erred in denying her motion because the arresting officer did not have reasonable suspicion to stop her vehicle.  We affirm.

BACKGROUND

Arlington police officer Jason Heisel was the sole witness at the suppression hearing.  On June 10, 2006, around 8:50 p.m., Officer Heisel received a dispatch advising him that a citizen complainant reported she had seen a tan Chevrolet Tahoe “driving erratically” eastbound on I-20 past Cooper Street and expressed her concern that the driver was intoxicated.  The citizen also provided the license plate number of the vehicle.  While en route to the location of the vehicle, Officer Heisel received additional information from dispatch that the vehicle exited I-20 at Collins Street and pulled into a Quick Trip.  He also learned that a white male passenger exited the vehicle at the Quick Trip and urinated in the parking lot.
(footnote: 2)
 As Officer Heisel arrived at the Quick Trip, he saw a vehicle matching the description exit the Quick Trip parking lot.  He sped up to catch the vehicle and matched its license plate with the number given by the citizen.  He then stopped the vehicle and eventually arrested Appellant for driving while intoxicated (DWI).
(footnote: 3)  There was a white male passenger of the approximate age that the citizen reported in the vehicle as well.

After arresting Appellant, Officer Heisel telephoned the citizen, and she told him that she had witnessed him make the stop and that he had in fact pulled over the correct vehicle.

Officer Heisel admitted that his only information was that the vehicle was being driven erratically and the citizen was concerned that the driver was intoxicated.  He did not know the details of Appellant’s driving, such as whether she was weaving or driving under the speed limit, and he did not personally observe her driving erratically.  He admitted that erratic driving is a subjective assessment.

The trial court denied Appellant’s motion to suppress.
(footnote: 4)  Subsequently, Appellant pleaded guilty to DWI.

STANDARD OF REVIEW

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review. 
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
 
 We do not engage in our own factual review, but
 give almost total deference to the trial court’s rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002);
 Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d);
 Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.)
. 
 However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652–53.

An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law.  
Ford
 
v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).
  
Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is engaged in criminal activity.  
Id
. at 492–93.

An officer may rely on information received from a citizen, rather than his direct observation, so long as the citizen’s statement is reasonably corroborated by other matters within the officer’s knowledge.  
Brother v. State
, 166 S.W.3d 255, 258–59 (Tex. Crim. App. 2005), 
cert. denied
, 126 S. Ct. 1172 (2006); 
State v. Sailo
, 910 S.W.2d 184, 189 (Tex. App.—Fort Worth 1995, pet. ref’d) (citing 
Illinois v. Gates
, 462 U.S. 213, 242, 103 S. Ct. 2317, 2334 (1983)).  However, it is not the conduct indicating criminal activity related by the citizen that must be corroborated; rather, corroboration by the police officer means, in light of the circumstances, the officer confirms enough facts to reasonably conclude that the information provided is reliable and a detention is justified.  
Brother
, 166 S.W.3d at 259 n.5; 
Sailo
, 910 S.W.2d at 189.  Where the reliability of information is increased, less corroboration is necessary.  
Pipkin v. State
, 114 S.W.3d 649, 654 (Tex. App.—Fort Worth 2003, no pet.); 
State v. Stolte
, 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).  A citizen’s tip deserves great weight when there is a detailed description of the wrongdoing along with a statement that the event was witnessed firsthand, when a citizen puts herself in a position to be held accountable for her intervention, or when the citizen is not connected with the police or a paid informant.  
Pipkin
, 114 S.W.3d at 655; 
Stolte
, 991 S.W.2d at 341.  Finally, an officer need not know specific facts or details of the criminal activity in order to be justified in stopping a suspect.  
Stolte
, 991 S.W.2d at 342–43
.

DISCUSSION

We have held that an identified citizen caller who advised police dispatch the precise location of the suspect, the license plate number of the vehicle, that the citizen was following the driver, and that he suspected the driver was intoxicated provided sufficient information to justify the officer’s stop.  
Id.
 at 339–40, 342–43; 
see also Pipkin
, 114 S.W.3d at 655.  In support of her contention that Officer Heisel did not have reasonable suspicion to stop her vehicle, Appellant relies on another decision of this court, 
Valentich v. State
, No. 2-04-101-CR, 2005 WL 1405801 (Tex. App.—Fort Worth June 16, 2005, no pet.) (not designated for publication).  However, the facts in 
Valentich
 are distinguishable from this case.  In 
Valentich
, the tipster was not a disinterested citizen but the ex-husband of the drunk driver he reported.  
Id.
 at *2.  Here, there is no suggestion of a relationship between the citizen and Appellant, indicating a higher degree of reliability.  Also, there was no evidence that the tipster in 
Valentich
 observed the suspicious driving firsthand, and the tipster was not contacted or interviewed after the arrest.  
Id.
 at *1.  In this case, the citizen did continue to observe and report the vehicle’s location and was in contact with the police after the arrest.

In the case before us, Officer Heisel received information from dispatch that a citizen had reported erratic driving and a possible DWI.  The citizen described the vehicle and provided its location and license plate number.  Officer Heisel arrived at the location described and saw a car matching the description given by the citizen.  Furthermore, Officer Heisel matched the license plate number of the vehicle he saw with the information provided by the citizen.  The citizen reported information she had observed firsthand.  Further, she updated the dispatcher on the vehicle’s position, apparently was close by while the vehicle was stopped, and was available to speak to Officer Heisel by phone after the arrest.  The citizen was therefore in a position to be held accountable for her intervention.  Finally, there is no indication that the citizen was connected to the police or was a paid informant.  Based on the totality of the circumstances, Officer Heisel reasonably concluded that Appellant was engaging in criminal activity and was justified in stopping her vehicle.

CONCLUSION

For these reasons, we hold that the trial court properly denied Appellant’s motion to suppress.  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 31, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Testimony regarding the passenger was admitted over objection for the limited purpose of verifying that Officer Heisel had stopped the correct vehicle.  However, Officer Heisel apparently did not see the passenger until he stopped Appellant; therefore, we do not consider it in determining whether he had reasonable suspicion to execute the stop.

3:
The parties stipulated that Appellant was not stopped pursuant to a warrant.

4:
Appellant did not request the trial court to make findings of fact and conclusions of law, and none were filed.  
See State v. Cullen
, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).