COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-359-CR

MARK GREGORY CHAMBERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Mark Gregory Chambers pleaded guilty to felony driving while intoxicated following an adverse pretrial ruling on his motion to suppress.  Appellant challenges the trial court’s ruling on his motion to suppress and raises two issues.  First, Appellant complains that the arresting officer’s basis for detaining Appellant was an alleged traffic violation, but, Appellant contends, the officer did not witness Appellant violate any traffic law and therefore illegally detained Appellant.  Second, Appellant complains that a citizen-informant’s information was not sufficiently corroborated by the officer to serve as reasonable suspicion for detaining Appellant.  We affirm. 

II. Background

On September 18, 2005, Corporal Nathan Drewmire of the Hurst police department responded to a 911 call from Bronco’s Sports Bar.  Corporal Drewmire was roughly two blocks away from the sports bar when the call was made.  An employee of the sports bar had called, concerned that a seemingly intoxicated patron had just left the bar and was driving toward a public highway.  The employee stated that the patron had angrily left after growing increasingly belligerent—complaining the beverages did not contain sufficient amounts of alcohol.  The employee gave detailed information describing the make, model, license plate number, and location of Appellant’s vehicle.  More specifically, the employee had witnessed the Appellant get into a red Toyota Celica and drive toward the exit of the sports bar’s parking lot. 

Corporal Drewmire knew the identity of the employee because the employee’s name was on his computer’s call screen.  As Corporal Drewmire arrived, he witnessed a red Toyota Celica pulling out of the parking lot west of the sports bar and onto the access road to Highway 121.  Corporal Drewmire testified that Appellant had made a wide right turn onto the access road and that it is a violation to fail to turn into the right-most lane.  Corporal Drewmire further testified that he also had enough evidence—based on the employee’s 911 call—to make an investigative stop had he not observed the wide right turn.  Corporal Drewmire promptly activated his emergency lights and stopped Appellant.  Appellant was charged with driving while intoxicated.  

Appellant filed a motion to suppress.  At the suppression hearing, the parties stipulated that the sole issue was whether Corporal Drewmire legally detained Appellant.  The trial court denied the motion to suppress and Appellant pleaded guilty to felony driving while intoxicated.  The trial court sentenced Appellant to ten years’ community supervision and ordered him to pay a $1,250 fine.  

III. Standard of Review
 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Amador v. State
, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
Wiede v. State
, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), 
modified on other grounds by State v. Cullen
, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Amador
, 221 S.W.3d at 673; 
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court’s rulings on those questions de novo.  
Amador
, 221 S.W.3d at 673; 
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
Wiede
, 214 S.W.3d at 24; 
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings.  
Kelly
, 204 S.W.3d at 818-19.  We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  
Id
. at 819.

When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
.; 
see  Amador
, 221 S.W.3d at 673; 
Wiede
, 214 S.W.3d at 25.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
State v. Stevens
, No. PD-0226-06, 2007 WL 2848865, at *3 (Tex. Crim. App. Oct. 3, 2007); 
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004).
 

IV. The Stop

In his second point, Appellant complains that 
Corporal Drewmire neither corroborated the 911 caller’s allegations nor observed Appellant driving in an intoxicated manner before detaining Appellant.  Therefore, Appellant contends, Corporal Drewmire 
lacked sufficient reasonable suspicion to detain Appellant.  We disagree.  

A police officer may briefly detain a person for investigative purposes if, under the totality of the circumstances, the officer has reasonable suspicion supported by articulable facts that the person detained is, has been, or soon will be engaged in criminal activity.  
Terry v. Ohio
, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880 (1968); 
Woods v. State
, 956 S.W.2d 33, 35-38 (Tex. Crim. App. 1997).  Whether a detention is reasonable under the circumstances turns upon the content and reliability of the information possessed by the officer.  
Alabama v. White
, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990); 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref’d).

The information provoking an officer’s suspicions does not need to be based on his own personal observations, but may be based on an informant’s tip that bears sufficient indicia of reliability to justify an investigative detention.  
Johnson v. State
, 32 S.W.3d 294, 297 (Tex. App.—San Antonio 2000, pet. ref’d).  When the reliability of the information is increased, less corroboration is necessary.  
State v. Stolte
, 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).  A detailed description of the wrongdoing, along with a statement that the event was observed firsthand, entitles an informant’s tip to greater weight.  
Illinois v. Gates
, 462 U.S. 213, 234, 103 S. Ct. 2317, 2330 (1983).  
A tip also deserves great weight if the informant is in a position to be held accountable for intervening.
  
Stolte
, 991 S.W.2d at 341
.  Furthermore, a person who is not connected with law enforcement or is not a paid informant is considered inherently trustworthy when advising the police that suspected criminal activity has occurred or is occurring.  
Id.
; 
Sailo
, 910 S.W.2d at 188.

Corporal Drewmire had received firsthand information concerning Appellant’s location—including the direction Appellant was traveling and the parking lot from which he was about to exit.  Corporal Drewmire had received information about the make, model, color, and license plate number of the vehicle Appellant was driving.  The employee also relayed firsthand knowledge of Appellant’s alcohol consumption and intoxicated behavior.  The employee called from the sports bar and identified herself—clearly putting herself in a position to be held accountable for her intervention.  Further, the employee was not a person connected with law enforcement.  When Corporal Drewmire arrived at the parking lot, he observed a vehicle matching the exact description given by the employee.  Specifically, Corporal Drewmire observed a red Toyota Celica exiting the parking lot adjacent to Bronco’s Sports Bar.  We hold that these facts were sufficient for Corporal Drewmire to form a reasonable suspicion that Appellant was driving while intoxicated.

Appellant argues that because Corporal Drewmire did not make efforts to corroborate the statements of the employee or observe Appellant driving in a behavior indicative of an intoxicated driver, he could not have had reasonable suspicion to detain Appellant.  We disagree. 

This court has already addressed this question in 
Sailo.
 910 S.W.2d at 188. 
 In 
Sailo
, an unknown citizen informant told a police officer that he had just seen a possible drunk driver.  
Id.
 at 186.
 
 He reported that the driver’s vehicle was all over the road and on two occasions almost ran into a ditch.  
Id.  
He described the vehicle to the officer and informed the officer the vehicle was heading toward them.  
Id. 
 The officer stopped the vehicle matching the informant’s description when it arrived.  
Id.
 at 187.  The arresting officer had not observed the driver commit any traffic violations.  
Id.
 
 This court held that when the officer confirmed that a vehicle was located where the citizen-informant indicated, matching the description given, reasonable suspicion existed to justify the stop.  
Id. 
at 189. 

Corporal Drewmire had more information from which to form a  reasonable suspicion that Appellant was driving while intoxicated than did the officer in 
Sailo
.  Unlike in 
Sailo
, Corporal Drewmire knew the identity of the informant.  Furthermore, unlike in 
Sailo
, the informant had firsthand knowledge that Appellant had been consuming alcohol.  But like in 
Sailo
, Corporal Drewmire had the additional detailed information describing Appellant’s vehicle and its location.  We overrule Appellant’s second issue. 

Having held that Corporal Drewmire had adequate reasonable suspicion to detain Appellant, we do not need to address Appellant’s first issue. 
 See
 
Tex. R. App. P.
 47.1.

V. Conclusion

Having overruled Appellant’s second issue and declined to address Appellant’s first issue, we affirm the trial court.  

ANNE GARDNER

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  November 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.