COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-359-CR

 

 

MARK GREGORY CHAMBERS                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Appellant Mark Gregory
Chambers pleaded guilty to felony driving while intoxicated following an
adverse pretrial ruling on his motion to suppress.  Appellant challenges the trial court=s ruling on his motion to suppress and raises two issues.  First, Appellant complains that the arresting
officer=s basis for detaining Appellant was an alleged traffic violation, but,
Appellant contends, the officer did not witness Appellant violate any traffic
law and therefore illegally detained Appellant. 
Second, Appellant complains that a citizen-informant=s information was not sufficiently corroborated by the officer to
serve as reasonable suspicion for detaining Appellant.  We affirm. 

II. Background

On September 18, 2005,
Corporal Nathan Drewmire of the Hurst police department responded to a 911 call
from Bronco=s Sports
Bar.  Corporal Drewmire was roughly two
blocks away from the sports bar when the call was made.  An employee of the sports bar had called,
concerned that a seemingly intoxicated patron had just left the bar and was
driving toward a public highway.  The
employee stated that the patron had angrily left after growing increasingly
belligerentCcomplaining
the beverages did not contain sufficient amounts of alcohol.  The employee gave detailed information
describing the make, model, license plate number, and location of Appellant=s vehicle.  More specifically,
the employee had witnessed the Appellant get into a red Toyota Celica and drive
toward the exit of the sports bar=s parking lot. 








Corporal Drewmire knew the
identity of the employee because the employee=s name was on his computer=s call screen.  As Corporal
Drewmire arrived, he witnessed a red Toyota Celica pulling out of the parking
lot west of the sports bar and onto the access road to Highway 121.  Corporal Drewmire testified that Appellant
had made a wide right turn onto the access road and that it is a violation to
fail to turn into the right-most lane. 
Corporal Drewmire further testified that he also had enough evidenceCbased on the employee=s 911 callCto make an
investigative stop had he not observed the wide right turn.  Corporal Drewmire promptly activated his
emergency lights and stopped Appellant. 
Appellant was charged with driving while intoxicated.  

Appellant filed a motion to
suppress.  At the suppression hearing,
the parties stipulated that the sole issue was whether Corporal Drewmire
legally detained Appellant.  The trial
court denied the motion to suppress and Appellant pleaded guilty to felony
driving while intoxicated.  The trial
court sentenced Appellant to ten years= community supervision and ordered him to pay a $1,250 fine.  

III. Standard of Review 








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24-25
(Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we
give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); Johnson v.
State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the
trial court=s rulings on
those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson, 68 S.W.3d at 652‑53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818-19.  We then review the trial court=s legal ruling de novo unless its explicit fact findings that are
supported by the record are also dispositive of the legal ruling.  Id. at 819.

When the record is silent on
the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.; see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Id.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, No.
PD-0226-06, 2007 WL 2848865, at *3 (Tex. Crim. App. Oct. 3, 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004). 

IV. The Stop








In his second point,
Appellant complains that Corporal Drewmire neither corroborated the 911 caller=s allegations nor observed Appellant driving in an intoxicated manner
before detaining Appellant.  Therefore,
Appellant contends, Corporal Drewmire lacked sufficient reasonable suspicion to
detain Appellant.  We disagree.  

A police officer may briefly detain a person for
investigative purposes if, under the totality of the circumstances, the officer
has reasonable suspicion supported by articulable facts that the person
detained is, has been, or soon will be engaged in criminal activity.  Terry v. Ohio, 392 U.S. 1, 21-22, 88
S. Ct. 1868, 1880 (1968); Woods v. State, 956 S.W.2d 33, 35-38 (Tex.
Crim. App. 1997).  Whether a detention is
reasonable under the circumstances turns upon the content and reliability of
the information possessed by the officer. 
Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990);
State v. Sailo, 910 S.W.2d 184, 188 (Tex. App.CFort Worth 1995,
pet. ref=d).








The information provoking an officer=s suspicions does
not need to be based on his own personal observations, but may be based on an
informant=s tip that bears sufficient indicia of
reliability to justify an investigative detention.  Johnson v. State, 32 S.W.3d 294, 297
(Tex. App.CSan Antonio 2000, pet. ref=d).  When the reliability of the information is
increased, less corroboration is necessary. 
State v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort Worth 1999,
no pet.).  A detailed description of the
wrongdoing, along with a statement that the event was observed firsthand,
entitles an informant=s tip to greater weight.  Illinois v. Gates, 462 U.S. 213, 234,
103 S. Ct. 2317, 2330 (1983).  A tip also deserves great weight if the informant is in a position to
be held accountable for intervening.  Stolte,
991 S.W.2d at 341.  Furthermore, a person
who is not connected with law enforcement or is not a paid informant is
considered inherently trustworthy when advising the police that suspected
criminal activity has occurred or is occurring. 
Id.; Sailo, 910 S.W.2d at 188.

Corporal Drewmire had
received firsthand information concerning Appellant=s locationCincluding
the direction Appellant was traveling and the parking lot from which he was
about to exit.  Corporal Drewmire had
received information about the make, model, color, and license plate number of
the vehicle Appellant was driving.  The
employee also relayed firsthand knowledge of Appellant=s alcohol consumption and intoxicated behavior.  The employee called from the sports bar and
identified herselfCclearly
putting herself in a position to be held accountable for her intervention.  Further, the employee was not a person
connected with law enforcement.  When
Corporal Drewmire arrived at the parking lot, he observed a vehicle matching
the exact description given by the employee. 
Specifically, Corporal Drewmire observed a red Toyota Celica exiting the
parking lot adjacent to Bronco=s Sports Bar.  We hold that
these facts were sufficient for Corporal Drewmire to form a reasonable
suspicion that Appellant was driving while intoxicated.








Appellant argues that because
Corporal Drewmire did not make efforts to corroborate the statements of the
employee or observe Appellant driving in a behavior indicative of an
intoxicated driver, he could not have had reasonable suspicion to detain
Appellant.  We disagree. 

This court has already addressed this question in Sailo.
910 S.W.2d at 188.  In Sailo, an unknown citizen informant told a police officer that he
had just seen a possible drunk driver.  Id.
at 186.  He
reported that the driver=s vehicle was all over the road and on two
occasions almost ran into a ditch.  Id.  He described the vehicle to the officer
and informed the officer the vehicle was heading toward them.  Id.  The officer stopped the vehicle matching the
informant=s description when it arrived.  Id. at 187.  The arresting officer had not observed the
driver commit any traffic violations.  Id.  This court held that when the officer
confirmed that a vehicle was located where the citizen-informant indicated,
matching the description given, reasonable suspicion existed to justify the
stop.  Id. at 189. 








Corporal Drewmire had more
information from which to form a 
reasonable suspicion that Appellant was driving while intoxicated than
did the officer in Sailo.  Unlike
in Sailo, Corporal Drewmire knew the identity of the informant.  Furthermore, unlike in Sailo, the
informant had firsthand knowledge that Appellant had been consuming
alcohol.  But like in Sailo,
Corporal Drewmire had the additional detailed information describing Appellant=s vehicle and its location.  We
overrule Appellant=s second
issue. 

Having held that Corporal
Drewmire had adequate reasonable suspicion to detain Appellant, we do not need
to address Appellant=s first
issue.  See Tex. R. App. P. 47.1.

V. Conclusion

Having overruled Appellant=s second issue and declined to address Appellant=s first issue, we affirm the trial court.  

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 15, 2007











[1]See Tex. R. App. P. 47.4.