**The STATE of Texas, Appellant,**

v.

**Lila Leao SAILO a/k/a Sila Leao Mailo, Appellee.**

**No. 2–95–130–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 16, 1995.

Rehearing Overruled Dec. 7, 1995.

Discretionary Review Refused Feb. 14, 1996.

and Larry Coker and Janet Fawcett, Euless, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAY, Justice.

Appellee was charged by information with driving while intoxicated. In a pretrial motion to suppress, appellee argued that the evidence supporting the DWI charge was discovered during an improper investigative stop by the arresting officer. After conducting a hearing on the motion, the trial court suppressed the evidence, and the State appealed. Because the trial court erred in applying the law to these particular facts, we grant the State the relief it requests and reverse the order.

## PROCEEDINGS BELOW

### The Facts

Officers Richard Andrews and Christopher Alt of the Euless Police Department testified during the suppression hearing. According to their testimony, the officers made a traffic stop on South Industrial Boulevard around 2:00 a.m. on October 15, 1994. While Officer Alt was speaking with the driver of the stopped vehicle, Officer Andrews positioned himself behind the car so that he could observe the occupants. There was much traffic in the area of the stop, and it was a location where officers frequently encounter DWI suspects because it is close to sexually oriented businesses that sell alcohol.

During the traffic stop, a citizen drove up from the opposite direction and shouted excitedly to the officers across the road. Officer Andrews crossed to the center of the roadway and the citizen told the officer he had seen a possible drunk driver who was approaching the scene. The citizen-informant further told the officer he had observed the vehicle being driven "all over the road and had almost run into a ditch twice." The concerned citizen described to the officer that the DWI suspect was driving a small, white Toyota pickup truck, and that this

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, and Tanya S. Dohoney, Michael Casillas and Michael Meyer, Assistants, Fort Worth, for appellant.

Richard Alley, Fort Worth (co-counsel, on appeal only), Law Offices of Larry Coker,

vehicle was approaching from behind him. The officers described the concerned citizen as a white male who was a distinguished-looking, older gentleman in his mid-fifties with graying hair. Officer Andrews asked the citizen-informant to stop and the citizen pulled to the side.

Officer Andrews next observed a vehicle approach that matched the description given by the citizen-informant. The officer asked the Toyota's driver to pull over into a parking area so he could investigate. Both officers testified they had not seen the Toyota commit any traffic violations. Both officers identified the appellee as the operator of the white Toyota pickup truck.

Officer Andrews testified that, as he approached the appellee's vehicle, he noted an extremely strong odor of alcoholic beverage from the vehicle. The officer also observed, in plain view, several beer cans. Appellee was asked to exit the car, and Officer Andrews noted appellee was unsteady on his feet and had extremely bloodshot eyes. Appellee was eventually arrested for DWI after failing field sobriety tests.

Although he initially pulled over to the side of the roadway, the citizen-informant drove off before either officer could get any identifying information.

### The Lower Court's Ruling

After the hearing, the trial court granted the suppression motion and entered the following Conclusions of Law:

### Conclusions of Law

1. The initial detention of the Defendant was in the nature of a stop pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
2. Information from an unknown concerned citizen must be corroborated by facts viewed by the detaining officers in order to justify a *Terry* stop.
3. The detention in this case is illegal as a matter of law because neither officer observed any facts corroborative of the

1. Article I, section 9 of the Texas Constitution is coextensive with the Fourth Amendment in the standard applied to *Terry* stops. *Glover v. State,*

information provided by the passing motorist/concerned citizen.

4. Therefore, the Court ordered the evidence obtained by the State as a result of the *Terry* stop of the Defendant suppressed.

### DISCUSSION

#### The Standard of Review

At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). In reviewing the trial court's decision, an appellate court does not engage in its own factual review; it determines only whether the record supports the trial court's fact findings. *Id.* In the present case, each of the trial court's findings of fact are supported by the record; therefore, we are not at liberty to disturb them. *Id.* On appellate review, the court will normally address only the question of whether the trial court improperly applied the law to the facts. *Id.* Our concern, therefore, is only with whether the law was correctly applied.

In eight points of error, the State asserts the trial court erred in its application of the United States and Texas Constitutions, in its application of *Terry v. Ohio* [1], and in concluding that information provided by the citizen-informant did not establish reasonable suspicion. The State also complains that the trial court failed to consider the facts corroborating the informant's information.

#### The Applicable Law

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry,* 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906–07. To justify the intrusion, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences

870 S.W.2d 198, 199 n. 1 (Tex.App.—Fort Worth 1994, pet. ref'd).

from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App. 1983). The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication the activity is related to a crime. *Id.*

■■■ The reasonableness of an investigative detention turns on the totality of circumstances in each case. *United States v. Mendenhall*, 446 U.S. 544, 561, 100 S.Ct. 1870, 1881, 64 L.Ed.2d 497, 514 (1980) (Powell, J., concurring); *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App. [Panel Op.] 1978). Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 309 (1990). Both factors—quantity and quality—are considered in the "totality of the circumstances." *Id.*

The facts of this case present a question as to the weight an officer may place on a tip given in person by an unidentified informant. The appellee argues that the investigative stop was unlawful because the information provided by the unidentified citizen-informant was not an adequate ground for Officer Andrews to form a reasonable suspicion that criminal activity was occurring. We disagree.

■■■ A tip by an unnamed informant of undisclosed reliability standing alone rarely will establish the requisite level of suspicion necessary to justify an investigative detention. *Id.* at 329, 110 S.Ct. at 2415–16, 110 L.Ed.2d at 308. There must be some further indicia of reliability, some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified. *Id.* In *United States v. Sierra–Hernandez*, 581 F.2d 760 (9th Cir.), *cert. denied*, 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978), Justice Kennedy addressed a similar situation to the present case. There, the court held that information from a citizen who confronts an officer in person to advise the officer that a designated

individual present on the scene is committing a specific crime should be given serious attention and great weight by the officer. *Id.* at 763. The court noted that a person who is not connected with the police or who is not a paid informant is inherently trustworthy when he advises the police a crime is being committed. *Id.* Indeed, unlike a person who makes an anonymous telephone call, a person presenting himself to the officer, and doing so while driving a car from which his identity might easily be traced, puts himself in a position to be held accountable for his intervention. Thus, the reliability of the information is increased. *Id.* In this respect, the case at bar presents a similar situation as in *Sierra–Hernandez*. The information provided by the citizen was in person, and was neither vague as to the time of the criminal activity nor imprecise as to the kind of crime being committed. *Id.* In *State v. Adkins*, 829 S.W.2d 900 (Tex.App.—Fort Worth 1992, pet. ref'd), this court said the fact that the officer received his information from an informant who observed firsthand the suspect's dangerous driving gave the informant's tip greater weight than an anonymous phone caller. *Id.* at 901. There is nothing in the record of the present case which should have caused Officer Andrews to doubt the reliability or good faith of the informant tendering the information. We hold that in the present case, the informant, although unknown to the officers, was sufficiently reliable because he came forward in person to give the officers the information.

■■■ Where the information has a fairly low degree of reliability, more information will be required to establish the requisite level of suspicion necessary to justify an investigative detention. *White*, 496 U.S. at 330, 110 S.Ct. at 2416, 110 L.Ed.2d at 309. Corroboration by the law enforcement officer necessarily goes to the quality, or reliability, of the information. Where the reliability of the information is increased, less corroboration is necessary. *Id.* In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court adopted the "totality of the circumstances" approach to determining whether an informant's tip establishes the requisite quantum of suspicion,

whereby the informant's veracity, reliability, and basis of knowledge are highly relevant. *Id.* at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. The Court also stated that a detailed description of wrongdoing, along with a statement that the event was observed first-hand, entitles an informant's tip greater weight than might otherwise be the case. *Id.* at 234, 103 S.Ct. at 2330, 76 L.Ed.2d at 545. Additionally, the Court said an officer may rely upon information received through an informant, rather than on his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge. *Id.* at 242, 103 S.Ct. at 2334, 76 L.Ed.2d at 550.

█ Appellee argues in his brief that it is the *conduct* indicating criminal activity related by the informant that must be corroborated in order for reasonable suspicion to exist. Such is clearly not the law. Corroboration by the police officer means, in light of the circumstances, he confirms enough facts so that he may reasonably conclude that the information provided is reliable and a detention is justified. *See White,* 496 U.S. at 330–31, 110 S.Ct. at 2416, 110 L.Ed.2d at 309. Therefore, in the present case, the question becomes whether, in the totality of the circumstances and in light of his experience and knowledge, Officer Andrews observed (corroborated) enough of the information from the concerned citizen, giving the information the weight it deserved in light of its indicia of reliability. If so, an investigative stop of appellee was justified.

█ In the totality of the circumstances, in light of the experience and knowledge of Officer Andrews, and giving the concerned citizen's information the weight it deserves in light of its indicia of reliability, we hold that Officer Andrews did corroborate enough facts to justify an investigative stop of appellee. Officer Andrews knew that the area was one of frequent DWI encounters. The suspect was described by a reliable informant, his location and his criminal actions were indicated with some particularity. When Officer Andrews confirmed that a vehicle located where the informant indicated and matching the description given was approaching him, he was justified in initiating an investigatory stop. Relevant case law bears out this result. *See Glover v. State,* 870 S.W.2d 198 (Tex.App.—Fort Worth 1994, pet. ref'd); *Adkins,* 829 S.W.2d at 900; *Davis v. State,* 794 S.W.2d 123 (Tex.App.—Austin 1990, pet. ref'd); *Ramirez v. State,* 658 S.W.2d 808 (Tex.App.—Corpus Christi 1983), *aff'd,* 672 S.W.2d 480 (Tex.Crim.App.1984); *Williams v. State,* 629 S.W.2d 146 (Tex.App.—Dallas 1982, no pet.).

## CONCLUSION

Contrary to the court below, we conclude that when Officer Andrews stopped appellee, in light of the surrounding circumstances, the information from the unknown citizen-informant was sufficient to justify the stop and had been sufficiently corroborated to furnish reasonable suspicion that appellee was engaged in criminal activity. The investigative stop, therefore, did not violate the Fourth Amendment or article I, section 9 of the Texas Constitution. We hold that the trial court erred in its application of the law to the facts of this case, and that the appellee's suppression motion should have been overruled.

The order of the trial court is reversed and the cause remanded.