TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00181-CR







John David McRae, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 96CR-791, HONORABLE FRED CLARK, JUDGE PRESIDING







 Appellant, John David McRae, was arrested for driving while intoxicated ("DWI"). See
Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1998). He filed a pretrial motion to suppress, arguing
that the evidence supporting the DWI charge was discovered during an improper investigative stop by the
arresting officer. After a hearing at which the trial court denied his motion, appellant pleaded no contest
to the DWI charge. He now appeals from the trial court's judgment, complaining the court erred in denying
the motion to suppress because there was insufficient evidence to justify an investigatory stop. We will
affirm the judgment of conviction.


BACKGROUND


 The night of November 27, 1995, Deputy Kenneth Hamilton was on patrol on Highway
360 in Comal County when he observed two vehicles traveling toward him at a slow rate of speed. As
he passed them, the second vehicle turned around and flashed its bright lights to flag him down. Hamilton
stopped his patrol car. The driver of the second vehicle then ran up to Hamilton and told him that the other
vehicle was "all over the road" and "was going to kill someone." During this discussion, Hamilton observed
what later turned out to be appellant's car turn left down an adjoining road. Hamilton immediately set out
in pursuit of the vehicle. Approximately one mile down the road, when Hamilton next saw the car, he
observed appellant's vehicle driving half on and half off the paved road, although there was no improved
shoulder. After watching the vehicle for a few seconds, Hamilton observed the car return to the road
without using a turn signal. At this point he activated his patrol lights and pulled the car over to investigate.

 As he talked to the driver, Hamilton smelled alcohol on appellant's breath. Hamilton
administered a series of sobriety tests which appellant failed, whereupon he attempted to arrest appellant
for driving while intoxicated. Appellant resisted arrest and began fighting with Hamilton, who eventually
apprehended appellant and placed him in custody.

 Appellant was charged with driving while intoxicated and resisting arrest. (1) He filed a
pretrial motion to suppress evidence which the trial court denied after conducting a hearing. On appeal,
appellant claims the trial court erred in denying his motion to suppress because there was insufficient
evidence to justify an investigatory stop, thereby rendering his detention unlawful. We disagree with
appellant's contention and will overrule the point of error.


DISCUSSION

 At a hearing on a motion to suppress evidence, the trial court, as trier of fact, is the sole
judge of credibility of the witnesses and the weight to be given their testimony. See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); State v. Carr, 774 S.W.2d 379, 380 (Tex. App.--Austin
1989, no pet.). In reviewing a trial court's ruling on a motion to suppress evidence, an appellate court will
not reverse that decision absent a clear showing that the trial court abused its discretion. See Erdman v.
State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993).

 Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio, 392 U.S.
1, 22 (1968). With respect to these investigatory detentions, the Texas Court of Criminal Appeals recently
held:


[T]he reasonableness of a temporary detention must be examined in terms of the totality
of the circumstances and will be justified when the detaining officer has specific articulable
facts, which taken together with rational inferences from those facts, lead him to conclude
that the person detained actually is, has been, or soon will be engaged in criminal activity.



Woods v. State, No. 1574-96, slip op. at 12 (Tex. Crim. App. Nov. 5, 1997).

 Appellant argues that Hamilton did not have sufficient evidence to make an investigatory
stop because the civilian informant was unknown to the officer, the information the informant provided was
general in nature, and the corroborating evidence did not rise to the level of reasonable suspicion. (2) 
Appellant's concentration solely on the credibility of the informant, however, is misplaced. Hamilton did
not rely only on the informant's tip to stop appellant. At the hearing on the motion to suppress, Hamilton
testified that he personally observed appellant driving half off the road and commit a traffic violation by
returning fully to the road without using his turn signal. See Tex. Transp. Code Ann. § 545.104 (West
1998). Under the totality of the circumstances test, the trial court could have concluded that the concerned
citizen's warning, in addition to Hamilton's own observations, constituted specific articulable facts and
created rational inferences to justify the initial stop of appellant.

CONCLUSION

 Considering the informant's tip and Deputy Hamilton's personal observations, we cannot
say that the trial court abused its discretion in denying appellant's motion to suppress. We overrule
appellant's point of error and affirm the judgment of the trial court.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 18, 1997

Do Not Publish

1. The resisting arrest charge was eventually dropped.
2. In response, the State relies heavily on State v. Sailo, 910 S.W.2d 184 (Tex. App.--Fort
Worth 1995, pet. ref'd), to support the trial court's decision. In Sailo, an unknown citizen informant told
a police officer in person that he had seen a possible drunk driver who was in a car behind him. He
reported that the driver's vehicle was all over the road, that the driver had, on two occasions, almost run
into a ditch, and he described the vehicle to the officer. The officer, recognizing the area as one which
drunk drivers frequented and noting the time to be 2:00 a.m., stopped the vehicle matching the informant's
description when it arrived. Although the arresting officer had not observed the driver commit any traffic
violations, the court found the informant's tip to be reliable and the investigatory stop justified. Id. at 189.


 The Sailo court draws much of its analysis from United States v. Sierra-Hernandez, 581 F.2d
760 (9th Cir.), cert. denied, 439 U.S. 936 (1978). In Sierra-Hernandez, the court noted that a person
advising police officers who is not a paid informant is inherently trustworthy. Id. at 763. The court
reasoned that a person who presents himself to a police officer while driving a car is especially reliable
because of the officer's ability to trace and identify the driver's car. Id. 


witnesses and the weight to be given their testimony. See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); State