# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00818-CR

**Beverley Best, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C03-01969, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Beverley Ann Best appeals from a conviction for the Class B misdemeanor offense of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). Because the dispositive issues are clearly settled in law, we issue this memorandum opinion and affirm the judgment of the trial court. *See* Tex. R. App. P. 47.4.

Department of Public Safety trooper Don Adams was parked on the southbound shoulder of Interstate Highway 35 at 11:30 p.m. on January 23, 2003, when he was approached by an unidentified truck driver who pulled up beside him on the side of the highway. The man got out of the tractor/trailer rig, ran up to the trooper's door, and reported that a silver-colored Volvo was "right behind him," that the driver was "driving badly, weaving on the road," and that he thought the driver was intoxicated. At that time, a silver Volvo passed the trooper and the trooper pulled in

behind the vehicle. He followed it for a half mile, observing it weaving to the right and crossing the white fog line (the white shoulder line). For a second time, the vehicle veered slightly, this time onto the fog line. Trooper Adams stopped the vehicle, identified the driver as appellant Beverley Ann Best, determined she was intoxicated, and arrested her. Best entered a plea and appeals the denial of her motion to suppress, challenging the legality of the investigative traffic stop.

In her sole issue, appellant contends the trial court erred in denying her motion to suppress the evidence seized as a result of the traffic stop because the officer did not have probable cause or reasonable suspicion to make the stop.

A police officer may stop and briefly detain a person for investigative purposes if, under the totality of the circumstances, the officer has reasonable suspicion supported by articulable facts that the person detained is, has been, or soon will be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Whether a detention, here a traffic stop, is reasonable under the totality of the circumstances turns upon the content and reliability of the information possessed by the officer. *Alabama v. White*, 496 U.S. 325, 330 (1990); *Brother v. State*, No. PD-1820-02, 2005 Tex. Crim. App. LEXIS 983, at *8 (Tex. Crim. App. June 29, 2005); *State v. Sailo*, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).

A tip by an unnamed informant of undisclosed reliability, standing alone, will rarely establish the requisite level of suspicion necessary to justify an investigative detention. *Florida v. J.L.*, 529 U.S. 266, 270 (2000). There are instances, however, in which a tip from an unnamed informant may exhibit sufficient indicia of reliability to justify the detention. *Id*. Unsolicited

2

information concerning a crime in progress provided to police in a face-to-face encounter by a concerned citizen who is not connected with police and is not a paid informant is inherently reliable. *See United States v. Sierra-Hernandez*, 581 F.2d 760, 763 n.1 (9th Cir.), *cert. denied*, 439 U.S. 936 (1978); *State v. Fudge*, 42 S.W.3d 226, 232 (Tex. App.—Austin 2001, no pet.); *Sailo*, 910 S.W.2d 189. The reliability of a tip can be heightened to the point where an officer is justified in making a detention when an informant places himself in a position to be easily identified and held responsible for the information given. *Fudge*, 42 S.W.3d at 232; s*ee also Hawes v. State*, 125 S.W.3d 535, 538 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

This Court has held that an informant's tip is sufficiently reliable to justify a traffic stop when the informant presents himself to an officer while driving a vehicle through which his identity might be easily traced, and thus, the informant can be held accountable for the information provided. *Fudge*, 42 S.W.3d at 232.[1] In *Fudge*, we upheld a stop based upon a cab driver's unsolicited face-to-face report given to the officer even though the informant drove away before being identified. *Id*. Appellant relies on *Corbin v. State*, 85 S.W.3d 272 (Tex. Crim. App. 2002),

---

[1] Other Texas courts have upheld investigative stops based on unsolicited reports from concerned citizens. *See*, *e.g.*, *Harrison v. State*, 144 S.W.3d 82, 87 (Tex. App.—Fort Worth 2004, pet. granted); *Bilyeu v. State*, 136 S.W.3d 691, 696-97 (Tex. App.—Texarkana 2004, no pet.); *Pipkin v. State*, 114 S.W.3d 649, 653 (Tex. App.—Fort Worth 2003, no pet.) (upholding stop based on unsolicited personal report to police by motorist who called police on his cell phone as he was driving near defendant and observed defendant driving erratically and smoking crack pipe); *Hawes v. State*, 125 S.W.3d 535, 538 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *State v. Garcia*, 25 S.W.3d 908, 911 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (upholding stop based on individual's unsolicited personal report of incident to police officer in parking lot); *State v. Stolte*, 991 S.W.2d 336, 342-43 (Tex. App.—Fort Worth 1999, no pet.) (upholding stop based on unsolicited tip from informant who witnessed erratic driving, called police on cellular phone, followed vehicle, and waited at scene when stop was made); *State v. Sailo*, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).

in which the court of criminal appeals concluded that the community caretaking exception to the Fourth Amendment did not justify a stop of a vehicle that crossed over the side stripe of the road. But *Corbin* did not involve an informant and does not control here. *See id*.

The Texas Court of Criminal Appeals recently addressed this issue in *Brother v. State*, 2005 Tex. Crim. App. LEXIS 983, at *8. In *Brother*, the court affirmed a conviction based on a traffic stop triggered by a citizen who called 911 on her cell phone to report erratic driving. *Id*. at *2. The citizen, who continued to monitor the defendant's driving by following him in her car, kept in contact with the 911 dispatcher until the arresting officer stopped the defendant. The citizen testified at the suppression hearing that the dispatcher instructed her to follow appellant and activate her hazard lights so that the responding officer would be able to identify the correct vehicle. The citizen remained at the scene after the stop, and she provided the officer with her contact information. *Id*. Relying on the information supplied by the citizen to the dispatcher, the officer testified that he was able to locate and identify the vehicle. The officer also testified that the facts relayed to him through the dispatcher caused him to believe that the defendant was driving while intoxicated. *Id*. at *8. In upholding the denial of the motion to suppress, the court concluded that "a stop based on facts supplied by a citizen-eyewitness, which are adequately corroborated by the arresting officer, do not run afoul of the Fourth Amendment." *Id*. The court held that, under the totality of the circumstances, the stop was reasonable under the Fourth Amendment. *Id*. at *10.

As in *Fudge*, *Sailo*, and *Hawes*, the informant in the present case was easily identifiable and, therefore, could be held responsible if the information he provided proved to be fabricated. *See Hawes*, 125 S.W.3d at 538; *Fudge*, 42 S.W.3d at 232; *Sailo*, 910 S.W.2d at 188. Not

4

only was the informant driving a vehicle that could be easily traced, but the information was precise and specific. As the trooper testified, "[a]bout the time he told me that, the vehicle passed by me." Thus, the information provided was precise as to the time of the criminal activity and specific about the kind of criminal activity. *See Fudge*, 42 S.W.3d at 232 (holding indicia of reliability was that information given was "neither imprecise about the time of the criminal activity nor vague about the kind of criminal activity"). Moreover, in a totality-of-circumstances analysis, corroboration of any information related by the informant increases the reliability of the information. *Sailo*, 910 S.W.2d at 188. In this case Officer Adams corroborated the informant's tip when he saw appellant's vehicle stray on and over the "fog line" before pulling back into the lane.[2] This is not a case like *Corbin*, or *Hernandez v. State*, in which the officers stopped the vehicle based solely upon the fact that the vehicle crossed the lane marker. *Corbin*, 85 S.W.3d at 274; *Hernandez*, 983 S.W.2d 867, 868 (Tex. App.—Austin 1998, pet. ref'd); *see State v. Garcia*, 25 S.W.3d 908, 913-14 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that reliability of the informant's tip, combined with officer's experience and knowledge and subsequent corroboration of tip's details, provided reasonable suspicion for investigative detention).

Based on the totality of the circumstances, and because this case is controlled by *Fudge*, which was recently cited with approval in *Brother v. State* by the court of criminal appeals, we find there was sufficient factual basis for a reasonable suspicion to justify the traffic stop. *See*

---

[2] The experienced officer also observed that the Volvo was driving at a speed ten to fifteen miles per hour below the posted speed limit of sixty-five. Based on his experience, he testified that he thought it was unusual for a vehicle to be driving on the interstate at a speed less than the posted limit.

2005 Tex. Crim. App. LEXIS 983, at *8 n.4.  We overrule appellant's sole issue and affirm the judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 10, 2005

Do Not Publish