



## OPINION

Nos. 04-09-00204-CR & 04-09-00205-CR

John David **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law of Val Verde County, Texas
Trial Court Nos. 07-570-CR & 07-571-CR
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Catherine Stone, Chief Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

AFFIRMED

John David Martinez was charged with driving while intoxicated and possession of marijuana. Martinez filed a motion to suppress, alleging the police officer did not have reasonable suspicion for the initial stop of his vehicle. After a hearing, the trial court denied the motion to suppress. Martinez subsequently entered a plea of guilty pursuant to a plea bargain, which the court followed. Martinez appeals, complaining the trial court erred in denying his motion to suppress. We affirm.

## BACKGROUND

Officer Paul Hurley of the Del Rio Police Department was on routine patrol on a Sunday night.  At 10:55 p.m., Officer Hurley heard the police dispatcher report that a "passerby" had called to state that a blue Ford truck had stopped at 17th and North Main Streets and a male put some bicycles in the back of the truck.  The report also indicated the truck left driving westbound.  Officer Hurley drove to the general area mentioned in the dispatch and observed a man in a Ford F-250 truck that appeared to be blue.  The vehicle was coming from the general area reported by the dispatcher.  The officer did not notice any other vehicle in the area.  Officer Hurley followed the truck for approximately four blocks and decided to stop the vehicle.  The stop took place approximately seven minutes after he first heard the report from the dispatcher.  The location was approximately one-half to three-fourths of a mile from where the bicycles were reportedly taken.

As he walked to the driver's side of the truck, Officer Hurley noticed two bicycles in the open truck bed.  He then detected a strong odor of alcohol and noticed Martinez had bloodshot, glassy eyes.  Martinez got out of the truck and Officer Hurley saw him holding on to the side of the truck to steady his balance.  Officer Hurley told Martinez that he had stopped him because his truck matched the description of the vehicle involved in a possible theft.  A few minutes after the stop, Officer Hurley asked the dispatcher if a victim had been located.  The officer thereafter requested the dispatcher to send the caller to the scene of the stop.  At some point, Officer Gee, who was originally dispatched to investigate the taking of the bicycles,[1] also arrived at the scene.  The informant drove up soon thereafter and confirmed that Officer Hurley had stopped the correct

---

[1] The record does not indicate if any charges were ever filed in connection with the taking of the bicycles.

vehicle. The record does not indicate the name of the informant, but Officer Hurley testified the citizen did not have any relationship to the Del Rio Police department.

Based on his observations, Officer Hurley asked Martinez to perform several field sobriety tests, and he placed Martinez under arrest for DWI. As a result of the arrest for DWI, Officer Hurley obtained evidence to charge Martinez with possession of under two ounces of marihuana.

### STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We view the record in the light most favorable to the trial court's ruling and will reverse only if the ruling is outside the zone of reasonable disagreement. *Id*. We give almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo the trial court's application of the law of search and seizure to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

### APPLICABLE LAW

An officer must possess reasonable suspicion to initiate an investigative stop. *Davis v. State*, 947 S.W.2d 240, 244-45 (Tex. Crim. App. 1997). "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "Under this

standard, the articulable facts on which the officer relied need only support a reasonable belief that activity out of the ordinary is occurring or has occurred, that the detainee is connected to the unusual activity, and that the unusual activity is related to crime." *State v. Garcia*, 25 S.W.3d 908, 912 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Reasonable suspicion is dependent upon both the content of the information possessed by police and its degree of reliability. *Alabama v. White*, 496 U.S. 325, 329-31 (1990)*; Gansky v. State*, 180 S.W.3d 240, 244-45 (Tex. App.—Fort Worth 2005, pet. ref'd).

An anonymous tip standing alone will rarely supply police with reasonable suspicion. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000). However, such a tip coupled with observations by police may ultimately present reasonable suspicion. *See, e.g., Alabama*, 496 U.S. at 331; *Bilyeu v. State*, 136 S.W.3d 691, 695-96 (Tex. App.–Texarkana 2004, no pet.). "An officer's prior knowledge, his experience, and his corroboration of the details of a tip may be considered in giving the anonymous tip the weight it deserves." *Davis v. State*, 989 S.W.2d 859, 864 (Tex. App.—Austin 1999, pet. ref'd). Corroboration means, in light of the circumstances, the police officer confirms enough facts so that he may reasonably conclude that the information provided is reliable and a detention is justified. *Alabama*, 496 U.S. at 329-31; *Brother v. State*, 166 S.W.3d 255, 259 n.5 (Tex. Crim. App. 2005), *cert. denied*, 546 U.S. 1150 (2006); *State v. Nelson*, 228 S.W.3d 899, 903 (Tex. App.—Austin 2007, no pet.).

A tipster is no longer considered anonymous when he presents himself to police and can be held accountable for the information he provided. *See, e.g. Garcia*, 25 S.W.3d at 913; *State v. Sailo*, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd.). "Unsolicited information regarding

a crime in progress provided by a citizen who has no relationship with the police and who makes herself accountable by providing contact information is inherently reliable." *Nelson*, 228 S.W.3d at 903.

## DISCUSSION

Martinez argues the stop was not supported by reasonable suspicion because the information was reported by an anonymous tipster, the bicycles in question were never reported stolen and the stop was based solely on the color of the vehicle. First, Martinez misconstrues the nature of the informant. Although the name of the citizen tipster does not appear in the record, the dispatcher apparently maintained contact with the caller throughout the stop as the dispatcher was able to direct the caller to the scene to identify the truck. Under similar circumstances, other courts have concluded the tipster is entitled to more reliability than that of a true anonymous caller. *See, e.g., Reesing v. State*, 140 S.W.3d 732, 737 (Tex. App.—Austin 2004, pet. ref'd) (holding 911 caller's reliability demonstrated by identifying himself, remaining on phone while police effected stop, followed the suspect's vehicle, and waited at scene to give statement to police); *Hawes v. State*, 125 S.W.3d 535, 540 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding tow truck driver that relayed information to police about defendant's erratic driving as he followed defendant's vehicle entitled to greater reliability than anonymous tipster because informant "plac[ed] himself in a position where he could be held accountable for his intervention"); *Sailo*, 910 S.W.2d at 188 (holding anonymous citizen who stopped to tell police defendant was driving erratically was considered more reliable than anonymous tipster where citizen followed police instructions to pull to the side of the road even though he drove away before officers could obtain identifying

information). Accordingly, we view the information provided by the caller as coming from a reliable person rather than a mere anonymous tipster.

Martinez also argues the information provided by the tipster does not amount to reasonable suspicion because the State failed to show that a crime had occurred. Reasonable suspicion does not turn on the occurrence of an actual crime, only that the reported activity is "out of the ordinary," and is related to crime. *Garcia*, 25 S.W.3d at 912. Officer Hurley, an officer with eleven years experience, testified it was "suspicious" for someone to stop his truck at 11:00 p.m. and place two bicycles in the bed of the truck. Although no complainant had been identified at the time of the stop, Officer Hurley considered the call to be reporting a theft. Under the totality of the circumstances, the reported activity was sufficiently related to criminal activity.

Finally, Martinez argues the stop was unreasonable because it was based solely on the color of his vehicle and the officer failed to corroborate any information provided by the tipster. This argument ignores much of the evidence. Officer Hurley testified he stopped the vehicle because it was coming from the area where the activity had been reported; the vehicle was the same type of truck as that reported and was an "approximate" color match; he did not see any other vehicles in the area; and he stopped the truck in less than seven minutes from when he heard the report from the dispatcher.

The totality of the circumstances, including the reliability of the caller, Officer Hurley's eleven years of experience, and the corroboration of the information provided by the caller, provided reasonable suspicion for the investigative stop. The trial court did not abuse its discretion in denying the motion to suppress.

## CONCLUSION

The trial court's judgments are affirmed.

Steven C. Hilbig, Justice

Publish