**Opinion filed December 9, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00115-CR

_____

## DALE KITTRELL JUSTICE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8856D**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Dale Kittrell Justice, upon his plea of guilty, of felony driving while intoxicated and assessed his punishment at confinement for five years and a $1,000 fine. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for five years. We affirm.

### *Issue on Appeal*

In his sole issue on appeal, appellant contends that the trial court abused its discretion by denying his motion to suppress. Appellant argues that Texas Department of Public Safety

Trooper Michael Shane Bearden stopped him based on an uncorroborated or insufficiently corroborated tip. Therefore, appellant contends that Trooper Bearden lacked reasonable suspicion to stop and detain him.

*Standard of Review*

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and of fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Guzman*, 955 S.W.2d at 87. An appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any applicable theory of law. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990).

*Evidence at Suppression Hearing*

Trooper Bearden testified that he received a call on the CB radio from a truck driver that there was a man in a red car who had put a beer to his lip when he passed the truck driver. The truck driver identified himself as being in the red Peterbilt truck two or three cars behind Trooper Bearden. Trooper Bearden stated that he looked in his rearview mirror and saw a red station wagon right in front of a red Peterbilt truck. Trooper Bearden told the truck driver that he saw both the truck driver and the red car. The truck driver told him again that the driver of the red car "turn[ed] a beer up to his lips" as he pulled next to the truck; the truck driver described it as a bottle of beer. Trooper Bearden again confirmed that the caller was in the red Peterbilt truck he could see on the highway. The truck driver informed Trooper Bearden that he was exiting the interstate. Trooper Bearden testified that he believed the truck driver exited at mile marker 280.

When Trooper Bearden reduced his speed, so did the driver of the red car. Trooper Bearden testified that he then "slowed down very slow" and that so did the driver of the red car. The red car finally passed him, and Trooper Bearden eventually pulled the driver over.

As the driver was pulling over, Trooper Bearden noticed him "moving around a lot" and "reaching around the vehicle."

Appellant, the driver of the car, had bloodshot eyes. His speech was slurred, and there was an odor of an alcoholic beverage coming from his breath. Appellant also had a confused look on his face. When Trooper Bearden stated that he smelled alcohol on his breath, appellant said that he had had some beers earlier that day but that there was no beer in his vehicle.

Trooper Bearden informed appellant that the truck driver told the officer that he saw appellant drinking beer. Trooper Bearden said, "So if I check your vehicle, I wouldn't find any alcoholic beverage in the car?" Appellant answered, "[N]o."

Trooper Bearden found a soft-side cooler containing water bottles, vitamin water bottles, and a full bottle of beer. Under the front passenger seat "partially sticking out into view" was an open bottle of beer. There was a small amount of beer remaining in the bottle.

Trooper Bearden then began to investigate the situation as a possible DWI. Appellant failed all three field sobriety tests and refused to take a breath test. Trooper Bearden placed appellant under arrest for DWI.

*Trial Court's Findings of Fact*

After the hearing on appellant's motion to suppress, the trial court found that Trooper Bearden received a call from the driver of a red Peterbilt truck and that the driver had observed appellant drinking from a bottle of beer while driving a red station wagon. Both vehicles were visible to Trooper Bearden, and he was able to confirm the location of both with the truck driver. Trooper Bearden slowed down, and appellant passed him. Trooper Bearden did not observe appellant commit any violation of the law prior to pulling appellant over. After the vehicle stopped but before Trooper Bearden approached, Trooper Bearden observed appellant reach around and move a lot. Trooper Bearden observed that appellant had bloodshot eyes and spoke with a slight slur. Trooper Bearden also smelled the odor of alcohol coming from the car.

The trial court concluded that Trooper Bearden visually corroborated the truck driver's location and description of his rig as well as appellant's location and the description of his car. Trooper Bearden did not visually corroborate the time of the alleged illegal activity or the alleged illegal activity of possessing an open container of alcohol or consuming alcohol while driving. The truck driver was not "anonymous" because he identified himself to Trooper Bearden, and Trooper Bearden confirmed the truck driver's location both during and

3

shortly after he made his report. The trial court also concluded that, based on visual corroboration and the unusual driving action by appellant, Trooper Bearden had a reasonable suspicion that appellant had been engaging in criminal activity.

*Analysis*

An officer may briefly detain an individual and investigate possible criminal activity where the officer has specific and articulable facts that, when taken with rational inferences, give rise to a reasonable suspicion that illegal activity has occurred or is occurring. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); *Carmouche*, 10 S.W.3d at 328. The factual basis for an officer's stop of a vehicle may be provided by someone other than the officer, such as a citizen who observed illegal activity. *Adams v. Williams*, 407 U.S. 143, 147 (1972); *Brother v. State*, 166 S.W.3d 255, 258 (Tex. Crim. App. 2005). To determine whether reasonable suspicion exists, the appellate court evaluates the totality of the circumstances, giving almost total deference to the trial court's determination of historical facts. *Ford*, 158 S.W.3d at 493; *Garcia*, 43 S.W.3d at 530.

The State relies on *State v. Sailo*, 910 S.W.2d 184 (Tex. App.—Fort Worth 1995, pet. ref'd), to support its position that the truck driver was readily identifiable and readily available. In *Sailo*, a citizen drove by the law enforcement officers and shouted excitedly across the road that he had seen a possible drunk driver driving "all over the road" and almost runing into a ditch twice. 910 S.W.2d at 186. The citizen pulled over but then drove off before the officers could get any identification from him. *Id.* at 187. The *Sailo* court held that the tip was sufficiently reliable because the informant, although unknown, came forward in person in his vehicle as opposed to making an anonymous phone call. *Id.* at 188.

The record supports the trial court's conclusion that Trooper Bearden had sufficient reasonable suspicion to stop appellant and conduct an investigative detention. The truck driver provided Trooper Bearden with a description of appellant's vehicle and possible illegal activity that the truck driver had seen. Trooper Bearden confirmed the location of both the truck driver and appellant. Trooper Bearden then observed appellant begin to drive very slowly in an effort to stay behind the trooper's vehicle before finally passing the trooper.

The cases cited by appellant are distinguishable. Either the informant made an anonymous phone call or there was no other evidence that could possibly give the law

4

enforcement officers a reasonable suspicion of illegal activity. We agree with the Fort Worth Court's conclusion in *Sailo* that a driver in an identified vehicle could in certain circumstances give a sufficient tip to support a valid detention – especially when, as under the facts of this case, the law enforcement officer observes unusual driving behavior by the defendant.

Appellant has not established that the trial court abused its discretion. The sole issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


December 9, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.


**Publish. Per motion granted 1-13-11.**