

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00083-CR

John **COLEMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10029
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  October 7, 2015

AFFIRMED

After the trial court denied his motion to suppress, John Coleman pled nolo contendere to possession of a controlled substance and was placed on deferred adjudication community supervision.  The sole issue presented on appeal is whether the trial court abused its discretion in denying the motion to suppress.  We affirm the trial court's judgment.

### BACKGROUND

At the hearing on the motion to suppress, Detective Lawrence Holley, who had twenty-six years law enforcement experience including extensive experience in narcotics investigations,

testified he received a tip from a confidential informant that an individual named John Coleman was going to deliver narcotics to him at a grocery store parking lot at Foster Road and FM 78. Detective Holley had worked with the informant for four years, and the information provided by the informant in the past had led to numerous successful arrests. Detective Holley stated the informant was reliable and credible.

Detective Holley, accompanied by Detective Brice Brietzke, picked up the informant and drove with him to the parking lot. Detective Brietzke also had extensive experience in narcotics investigations.

The confidential informant identified Coleman, who was parked in a parking space at a restaurant which was adjacent to the grocery store's gas pumps.[1] A concrete divider separated Coleman's car from the grocery store parking lot. Detective Brietzke testified Coleman remained in his car ten to fifteen minutes without exiting which he stated was suspicious. The detectives notified uniformed officers who were waiting in the area. As the uniformed officers arrived, Detective Holley observed Coleman making furtive movements in his car. Detective Holley radioed the uniformed police officers and informed them of those movements. Detective Brietzke described the movements as Coleman reaching down and around the seat area.

Officer Francisco Galvan, the first uniformed officer to arrive, testified he parked at an angle behind Coleman's car and approached the driver's side door. Officer Galvan asked Coleman for identification and requested dispatch to run his name for outstanding warrants. While Officer Galvan was speaking with Coleman, two additional uniformed officers, Officer Andrew Martinez and Officer Jessie Mendoza, arrived and parked in front of Coleman's car. Officer Martinez also approached the driver's side of Coleman's car, and he testified he observed two baggies of

---

[1] Detective Holley testified Coleman arrived after the detectives were in the parking lot with the confidential informant, while Detective Brietzke testified that Coleman was "observed parked in the parking lot."

narcotics on the rear floorboard of Coleman's car. After Officer Martinez informed Officer Galvan of his observation, Coleman was asked to exit the car and was arrested. Before Coleman was arrested, Officer Galvan also had received information that Coleman had outstanding warrants.

Detective Brietzke testified he went to where Coleman's car was parked and asked Coleman if any additional narcotics were in his vehicle. Coleman provided the location where additional narcotics would be found, and Officer Mendoza recovered those narcotics.

At the hearing on the motion to suppress, Coleman denied he was in the parking lot to sell narcotics. Instead, Coleman testified he was at the parking lot to pick up a friend. When Coleman arrived, he texted his friend who was supposed to be around the corner. Coleman estimated he was parked for "maybe five minutes" when two police cars parked behind him and one police car parked in front of him. The police cars blocked his exit. A uniformed officer approached and informed him they were looking for someone who was supposed to be a get-away driver for someone stealing prescriptions from H.E.B. The officer told Coleman to exit his car and immediately placed him in handcuffs for safety. Coleman was placed in the back of one of the police cars, and the officers began searching his car. Coleman stated the two bags of narcotics were tucked inside his driver's seat, and they fell out of the fold of the seat onto the floorboard when the officers used the lever to lift the seat.

Coleman was subsequently indicted for possession of a controlled substance. As stated above, the trial court denied Coleman's motion to suppress, and this appeal ensued.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). In this case, the trial court entered findings of fact and conclusions of law to support its ruling. Because the trial court is the sole trier of fact, we give almost total deference to its determination of historical facts, and we review the record in

the light most favorable to the trial court's findings. *Id.* The trial court's application of the law to the facts, however, is reviewed de novo. *Id.* We will uphold the trial court's ruling if it is correct on any theory of law applicable to the case. *Id.*

## DISCUSSION

Coleman asserts the trial court abused its discretion in denying his motion to suppress because the confidential informant's tip was not corroborated by sufficient independent facts to establish reasonable suspicion, and the warrantless search was not supported by probable cause. The State responds the officers had reasonable suspicion to temporarily detain Coleman and the plain view of the narcotics by Officer Martinez and Coleman's outstanding warrants provided probable cause for his arrest.

### A.      Reasonable Suspicion to Temporarily Detain

The trial court found the officers had reasonable suspicion to detain Coleman. "Reasonable suspicion exists if [an] officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). "A reasonable-suspicion determination is made by considering the totality of the circumstances." *Id.* "During an investigatory detention, officers are permitted to use reasonably necessary force to maintain the status quo [and] effectuate an investigation." *State v. Whittington*, 401 S.W.3d 263, 273 (Tex. App.—San Antonio 2013, no pet.).

"'In situations involving the police's use of an informant, we consider the informant's reliability in analyzing the totality of the circumstances.'" *Padilla v. State*, 462 S.W.3d 117, 124 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *Smith v. State*, 58 S.W.3d 784, 789 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd)). "'A confidential informant can provide the requisite reasonable suspicion to justify an investigative detention so long as additional facts are

present to demonstrate the informant's reliability.'" *Id.* (quoting *Smith*, 58 S.W.3d at 790). "[A]n officer may rely upon information received through an informant . . . so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *State v. Sailo*, 910 S.W.2d 184, 189 (Tex. App.—Fort Worth 1995, pet. ref'd). "Corroboration by the police officer means, in light of the circumstances, he confirms enough facts so that he may reasonably conclude that the information provided is reliable and a detention is justified." *State v. Sailo*, 910 S.W.2d at 189. "In this regard, 'the informant's veracity, reliability, and basis of knowledge are highly relevant.'" *Padilla*, 462 S.W.3d at 124 (quoting *State v. Sailo*, 910 S.W.2d at 188-89). As the Texas Court of Criminal Appeals has instructed, "An inverse relationship exists between the reliability of the informant and the amount of corroborated information required to justify the police intrusion." *Martinez v.* State, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011).

In this case, Detective Holley testified the confidential informant was credible and reliable based on the successful arrests made as result of information the informant had provided for four years. In view of the confidential informant's track record and known reliability, less corroborated information is required to justify Coleman's temporary detention. *Id.* In this case, the record contains several facts that corroborate the information provided by the confidential informant. First, Coleman's car arrived at the designated parking lot at the allotted time.[2] In addition, Coleman remained in his parked car for ten to fifteen minutes without exiting, which Detective Brietzke described as suspicious. Finally, Detective Holley observed Coleman making furtive movements upon the arrival of the uniformed officers. *See Smith v. State*, 542 S.W.2d 420, 421 (Tex. Crim. App. 1976) (noting furtive movements are valid indicia of mens rea when coupled

---

[2] Although Coleman argues in his brief that he was parked in the restaurant's parking lot instead of the grocery store's parking lot, the parking lots were adjacent, and the trial court viewed photographs of the scene and the proximity of the parking lots.

with reliable information or other suspicious circumstances); *LeBlanc v. State*, 138 S.W.3d 603, 608 n.5 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting furtive movement during police stop has been found to be a factor giving rise to reasonable suspicion). Accordingly, the trial court did not abuse its discretion in determining the uniformed officers had reasonable suspicion to temporarily detain Coleman and approach his vehicle.

B.      Probable Cause for Arrest — Outstanding Warrants and Plain View

"An officer has probable cause when he has knowledge of facts that would lead a reasonable person to believe that the suspect has committed a crime or will soon do so." *State v. Story*, 445 S.W.3d at 733. When an officer has probable cause to arrest a suspect, the officer may conduct a warrantless search of the passenger compartment of the suspect's vehicle as a search incident to the arrest. *Id*. In addition, the "plain view" doctrine authorizes an officer to seize contraband which he sees in plain sight or open view from where the officer is lawfully entitled to be. *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013).

As previously noted, the officers had reasonable suspicion to temporarily detain Coleman; therefore, the officers lawfully approached Coleman's vehicle. The trial court found Officer Martinez's testimony that he observed baggies consistent with narcotics packaging in plain view on Coleman's floorboard to be credible, and Officer Martinez immediately informed Officer Galvan of his observation. In addition, the trial court found Officer Galvan discovered Coleman had outstanding warrants prior to Coleman's arrest. Accordingly, the trial court did not abuse its discretion in determining Officer Galvan had probable cause to arrest Coleman and search his vehicle either based on the outstanding warrants or Officer Martinez's "plain view" observation of the narcotics.

## CONCLUSION

The trial court did not abuse its discretion in denying Coleman's motion to suppress, and the trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH