**Opinion filed August 3, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00173-CR

_____

## JOSEPH SHELDON HOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11548-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of the offense of possession of methamphetamine, more than four grams but less than 200 grams.[1] The jury found the enhancement allegation to be "true" and assessed Appellant's punishment at

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017)

confinement for forty years and a fine of $10,000. The trial court then sentenced Appellant accordingly. On appeal, Appellant asserts two issues. We affirm.

## I. *Background Facts*

Wayne Cockerham, an officer and agent with the narcotics unit of the Taylor County Sheriff's Department, received information from a confidential informant about an individual with an outstanding warrant. The confidential informant described the individual with the "blue warrant" as a white male who was closely shaved or bald and "kind of look[ed] like [an] Aryan Brother," and the informant stated that the individual was standing next to a white Impala that was parked on the west side of the Vineyard Apartments. Agent Cockerham along with other law enforcement officials immediately proceeded to the Vineyard Apartments.

### A. *Appellant's Arrest*

Upon arrival, Agent Cockerham identified Appellant, a white male with a closely shaved head sitting in a white Impala, the only Impala in the parking lot, parked on the west side of the Vineyard Apartments. Agent Cockerham along with other assisting officers approached the vehicle, identified Appellant, and asked Appellant and his three female passengers to exit the vehicle. Agent Cockerham received Appellant's identification card and confirmed with dispatch that there was an outstanding warrant for Appellant's arrest. Agent Cockerham then arrested Appellant. While in police custody, Appellant disclosed to one of the law enforcement officers that he had controlled substances on his person. After Appellant's disclosure, Marvin Patterson, another officer with the narcotics unit of the Taylor County Sheriff's Department, retrieved a black pouch from the zipper area of Appellant's pants. The black pouch contained five plastic baggies. Three of the baggies contained pills, and the other two contained a crystal-like substance that

field-tested positive for methamphetamine. Lab tests confirmed that the substance in the two baggies contained methamphetamine and weighed 5.08 grams.

### B. Motion to Suppress Hearing

In Appellant's motion to suppress, he alleged that his warrantless arrest and the subsequent seizure of evidence violated the Fourth Amendment to the United States Constitution, as well as the Texas Constitution and the Texas Code of Criminal Procedure. At a hearing on the motion, Agent Cockerham testified that Appellant's arrest resulted from the confidential informant's tip that Appellant had an outstanding "blue" warrant for his arrest. Agent Cockerham testified that the informant specified Appellant's location as being on the west side of the Vineyard Apartments. Although the informant did not refer to Appellant by name, he gave a detailed description of Appellant as being a white male with a closely shaved or bald head, and he said that Appellant was standing by a white Impala. Agent Cockerham had utilized this same informant in the past and testified that his information was "true and accurate." Following this testimony, the trial court denied Appellant's motion as it related to the seizure of the evidence found on his person.

## II. *Analysis*

In two issues, Appellant asserts that the trial court erred when it denied[2] his motion to suppress in violation of the Fourth Amendment because law enforcement (1) did not have a sufficient reasonable suspicion to justify an investigatory detention and (2) did not obtain a warrant prior to his arrest. Appellant claims that his arrest and subsequent seizure of the evidence on his person violated his rights under the United States and Texas Constitutions, as well as the Texas Code of Criminal Procedure.

---

[2]We note that the trial court granted Appellant's motion to suppress insofar as it related to a search of the truck of the Impala. This appeals involves only that portion of the motion to suppress that was denied.

A. *Issue One: The trial court did not abuse its discretion when it denied Appellant's motion to suppress because law enforcement had reasonable suspicion to investigate and detain Appellant.*

In his first issue, Appellant asserts that the trial court erred when it denied his motion to suppress because law enforcement officials did not have reasonable suspicion to justify their investigatory detention of Appellant. Appellant asserts that the informant's failure to refer to Appellant by name meant that his tip was a hunch not supported by articulable facts. We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We must affirm the trial court's ruling if it is correct under any theory of law applicable to the case. *State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016); *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990). We give great deference to the trial court's findings of historical facts if the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 328. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

A police officer may briefly detain a person to investigate possible criminal activity, even if there is no probable cause, if the officer has reasonable suspicion to believe there is possible criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22 (1968); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A police officer has reasonable suspicion if he has specific, articulable facts that, when combined with their rational inferences, would lead the officer to reasonably conclude that a person

4

is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This standard evaluates whether there is an objective reason for the detention by looking at the totality of the circumstances and ignores the subjective intent of the officer. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). Information obtained from confidential informants may provide the basis for an officer's reasonable suspicion if there are additional facts that demonstrate the informant's reliability. *Carmouche*, 10 S.W.3d at 328–29; *Ibarra v. State*, 479 S.W.3d 481, 490 (Tex. App.—Eastland 2015, pet. ref'd); *Smith v. State*, 58 S.W.3d 784, 790 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("A confidential informant can provide the requisite reasonable suspicion to justify an investigative detention so long as additional facts are present to demonstrate the informant's reliability."). "In this regard, 'the informant's veracity, reliability, and basis of knowledge are highly relevant.'" *Padilla v. State*, 462 S.W.3d 117, 124 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *State v. Sailo*, 910 S.W.2d 184, 189 (Tex. App.—Fort Worth 1995, pet. ref'd)).

Agent Cockerham testified that he drove to the west side of the Vineyard Apartments after he received information from a confidential informant that there was an individual there with a parole warrant. Although the confidential informant did not identify Appellant by name or disclose how he knew about Appellant's warrant, Agent Cockerham was able to identify Appellant from the details the informant provided. Agent Cockerham testified that he had used this particular informant before and believed him to be reliable because this informant had provided accurate information on previous occasions. Given these circumstances, the trial court did not abuse its discretion when it denied Appellant's motion to suppress. The informant provided very specific details that Agent Cockerham used to successfully identify Appellant, and this informant had provided accurate

5

information to Agent Cockerham on previous occasions.  We overrule Appellant's first issue.

  B. *Issue Two:* *Appellant's arrest was in accordance with a warrant, and the subsequent search of his person was valid.*

  In his second issue, Appellant asserts that the trial court erred when it denied his motion to suppress because the evidence seized was a result of a warrantless arrest.  Appellant relies on *McCraw v. State* for his contention that officers "arrested" him when they constricted his liberty by surrounding his vehicle and holding him until they determined that he had an outstanding warrant.  *See McCraw v. State*, 117 S.W.3d 47, 53 (Tex. App.—Fort Worth 2003, pet. ref'd).  We disagree with Appellant's characterization of the officer's detention.

  Generally, courts look to several factors, including the length of the detention, the amount of force used, and whether the officer conducted an investigation, to determine whether a seizure constitutes an arrest or an investigatory detention.  *See Woods v. State*, 970 S.W.2d 770, 775 (Tex. App.—Austin 1998, pet. ref'd).  A determination of custody is made on an ad hoc basis, considering all the circumstances.  *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex. Crim. App. 1985); *Myers v. State*, 203 S.W.3d 873, 884 (Tex. App.—Eastland 2006, pet. ref'd).

  Regarding the length of the detention, the Court of Criminal Appeals stated that "[u]nlike an investigative detention, where the seizure may end within a brief period of time, the seizure involved in an arrest will not be brief." *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996).  With regard to the force used in the detention, "officers may use such force as is reasonably necessary to effect the goal of the stop: investigation, maintenance of the status quo, or officer safety." *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997); *but see McCraw*, 117 S.W.3d at 53 (holding that a defendant was arrested when an officer blocked his van and

ordered the defendant out of his vehicle at gunpoint). Finally, Texas jurisprudence specifies that "where no investigation is undertaken the detention cannot be considered investigatory and rises to the level of an arrest." *Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991).

When Agent Cockerham arrived at the Vineyard Apartments, he and other law enforcement officers approached Appellant's vehicle from different directions so as to ensure visibility of any potential weapons. Agent Cockerham then asked Appellant for his identification; called dispatch to verify that Appellant had a warrant for his arrest; and, after confirming his warrant status, handcuffed Appellant. There is no indication in the record to suggest a lengthy or unnecessary delay from the time that Appellant provided Agent Cockerham with his identification to the time that dispatch confirmed Appellant's active warrant. Additionally, although the use of a higher level of force may elevate an investigatory detention into an arrest, such a degree of force was absent in this circumstance. *See Burkes*, 830 S.W.2d at 925. Agent Cockerham, Agent Patterson, and Sergeant Shay Bailey all testified at trial that their weapons were not drawn. The record is silent as to any additional demonstrations of force—beyond asking Appellant and his passengers for identification. Agent Cockerham was investigating an active-warrant claim, and upon receiving confirmation of that active warrant, he arrested Appellant. Given the circumstances, nothing in the record suggests that, prior to Appellant's arrest because of the active warrant, his liberty was restricted in a manner that violated the Fourth Amendment. We overrule Appellant's second issue on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 3, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.