Opinion filed December 9,
2010 

 

                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                                        
No. 11-09-00115-CR 

                                                   
__________

 

                            
DALE KITTRELL JUSTICE, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 350th District Court

 

                                                           
Taylor County, Texas

 

                                                    
Trial Court Cause No. 8856D

 



 

                                           
M E M O R A N D U M   O P I N I O N

           
The trial court convicted Dale Kittrell Justice, upon his plea of guilty, of
felony driving while intoxicated and assessed his punishment at confinement for
five years and a $1,000 fine.  Pursuant to the plea bargain agreement, the
trial court suspended the imposition of the confinement portion of the sentence
and placed appellant on community supervision for five years.  We affirm.

Issue
on Appeal

           
In his sole issue on appeal, appellant contends that the trial court abused its
discretion by denying his motion to suppress.  Appellant argues that Texas
Department of Public Safety Trooper Michael Shane Bearden stopped him based on
an uncorroborated or insufficiently corroborated tip.  Therefore,
appellant contends that Trooper Bearden lacked reasonable suspicion to stop and
detain him. 

Standard
of Review

In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s findings of historical facts as long
as the record supports the findings.  Torres v. State, 182 S.W.3d
899, 902 (Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d 85 (Tex.
Crim. App. 1997).  Because the trial court is the exclusive factfinder,
the appellate court reviews evidence adduced at the suppression hearing in the
light most favorable to the trial court’s ruling.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to
the trial court’s rulings on mixed questions of law and of fact when those
rulings turn on an evaluation of credibility and demeanor.  Guzman,
955 S.W.2d at 87.  Where such rulings do not turn on an evaluation of
credibility and demeanor, we review the trial court’s actions de novo. 
Guzman, 955 S.W.2d at 87.  An appellate court must
uphold the trial court’s ruling if it is reasonably supported by the record and
is correct under any applicable theory of law.  State v. Steelman,
93 S.W.3d 102, 107 (Tex. Crim. App. 2002); Romero v. State, 800
S.W.2d 539, 543-44 (Tex. Crim. App.
1990).            

Evidence
at Suppression Hearing

           
Trooper Bearden testified that he received a call on the CB radio from a truck
driver that there was a man in a red car who had put a beer to his lip when he
passed the truck driver.  The truck driver identified himself as being in
the red Peterbilt truck two or three cars behind Trooper Bearden. 
Trooper Bearden stated that he looked in his rearview mirror and saw a red
station wagon right in front of a red Peterbilt truck.  Trooper Bearden
told the truck driver that he saw both the truck driver and the red car. 
The truck driver told him again that the driver of the red car “turn[ed] a beer
up to his lips” as he pulled next to the truck; the truck driver described it
as a bottle of beer.  Trooper Bearden again confirmed that the caller was
in the red Peterbilt truck he could see on the highway.  The truck driver
informed Trooper Bearden that he was exiting the interstate.  Trooper Bearden
testified that he believed the truck driver exited at mile marker 280.

           
When Trooper Bearden reduced his speed, so did the driver of the red car. 
Trooper Bearden testified that he then “slowed down very slow” and that so
did the driver of the red car.  The red car finally passed him, and
Trooper Bearden eventually pulled the driver over.  As the driver was
pulling over, Trooper Bearden noticed him “moving around a lot” and “reaching
around the vehicle.”

           
Appellant, the driver of the car, had bloodshot eyes.  His speech was
slurred, and there was an odor of an alcoholic beverage coming from his
breath.  Appellant also had a confused look on his face.  When
Trooper Bearden stated that he smelled alcohol on his breath, appellant said
that he had had some beers earlier that day but that there was no beer in his
vehicle.

           
Trooper Bearden informed appellant that the truck driver told the officer that
he saw appellant drinking beer.  Trooper Bearden said, “So if I check your
vehicle, I wouldn’t find any alcoholic beverage in the car?”  Appellant
answered, “[N]o.”

           
Trooper Bearden found a soft-side cooler containing water bottles, vitamin
water bottles, and a full bottle of beer.  Under the front passenger seat
“partially sticking out into view” was an open bottle of beer.  There was
a small amount of beer remaining in the bottle.

           
Trooper Bearden then began to investigate the situation as a possible
DWI.  Appellant failed all three field sobriety tests and refused to take
a breath test.  Trooper Bearden placed appellant under arrest for DWI.

Trial
Court’s Findings of Fact 

           
After the hearing on appellant’s motion to suppress, the trial court found that
Trooper Bearden received a call from the driver of a red Peterbilt truck
and that the driver had observed appellant drinking from a bottle of beer while
driving a red station wagon.  Both vehicles were visible to Trooper
Bearden, and he was able to confirm the location of both with the truck
driver.  Trooper Bearden slowed down, and appellant passed him. 
Trooper Bearden did not observe appellant commit any violation of the law prior
to pulling appellant over.  After the vehicle stopped but before Trooper
Bearden approached, Trooper Bearden observed appellant reach around and move a
lot.  Trooper Bearden observed that appellant had bloodshot eyes and spoke
with a slight slur.  Trooper Bearden also smelled the odor of alcohol
coming from the car.

           
The trial court concluded that Trooper Bearden visually corroborated the truck
driver’s location and description of his rig as well as appellant’s location
and the description of his car.  Trooper Bearden did not visually
corroborate the time of the alleged illegal activity or the alleged illegal
activity of possessing an open container of alcohol or consuming alcohol while
driving.  The truck driver was not “anonymous” because he identified
himself to Trooper Bearden, and Trooper Bearden confirmed the truck
driver’s location both during and shortly after he made his report.  The
trial court also concluded that, based on visual corroboration and the unusual
driving action by appellant, Trooper Bearden had a reasonable suspicion that
appellant had been engaging in criminal activity.

Analysis

           
An officer may briefly detain an individual and investigate possible criminal
activity where the officer has specific and articulable facts that, when taken
with rational inferences, give rise to a reasonable suspicion that illegal
activity has occurred or is occurring.  Terry v. Ohio, 392 U.S. 1,
21 (1968); Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005);
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); Carmouche,
10 S.W.3d at 328.  The factual basis for an officer’s stop of a vehicle
may be provided by someone other than the officer, such as a citizen who
observed illegal activity.  Adams v. Williams, 407 U.S. 143, 147
(1972); Brother v. State, 166 S.W.3d 255, 258 (Tex. Crim. App.
2005).  To determine whether reasonable suspicion exists, the appellate
court evaluates the totality of the circumstances, giving almost total
deference to the trial court’s determination of historical facts.  Ford,
158 S.W.3d at 493; Garcia, 43 S.W.3d at 530.

The
State relies on State v. Sailo, 910 S.W.2d 184 (Tex. App.—Fort Worth
1995, pet. ref’d), to support its position that the truck driver was readily
identifiable and readily available.  In Sailo, a citizen drove by
the law enforcement officers and shouted excitedly across the road that he had
seen a possible drunk driver driving “all over the road” and almost runing into
a ditch twice.  910 S.W.2d at 186.  The citizen pulled over but then
drove off before the officers could get any identification from him.  Id.
at 187.  The Sailo court held that the tip was sufficiently
reliable because the informant, although unknown, came forward in person in his
vehicle as opposed to making an anonymous phone call.  Id. at 188.

The
record supports the trial court’s conclusion that Trooper Bearden had
sufficient reasonable suspicion to stop appellant and conduct an investigative
detention.  The truck driver provided Trooper Bearden with a description
of appellant’s vehicle and possible illegal activity that the truck driver had
seen.  Trooper Bearden confirmed the location of both the truck driver and
appellant.  Trooper Bearden then observed appellant begin to drive very
slowly in an effort to stay behind the trooper’s vehicle before finally passing
the trooper.

The
cases cited by appellant are distinguishable.  Either the informant made
an anonymous phone call or there was no other evidence that could possibly give
the law enforcement officers a reasonable suspicion of illegal activity. 
We agree with the Fort Worth Court’s conclusion in Sailo that a driver
in an identified vehicle could in certain circumstances give a sufficient tip
to support a valid detention – especially when, as under the facts of this
case, the law enforcement officer observes unusual driving behavior by the
defendant.

Appellant
has not established that the trial court abused its discretion.  The sole
issue is overruled.

Holding

           
The judgment of the trial court is affirmed.

                                                                                   


 

                                                                                   
TERRY McCALL

                                                                                   
JUSTICE

 

December 9, 2010

Do not
publish.  See Tex. R. App.
P. 47.2(b).

Panel consists of:  Wright,
C.J.,

McCall, J., and Strange, J.

 

Publish.  Per motion granted
1-13-11.